IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICE WALKER, individually and as guardian, of her husband, GERALD H.E. WALKER, an incompetent person,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WILMINGTON; CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER JOHN DOE #1, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER JOHN DOE #2, individually and agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER JANE DOE individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION<br><br><br><br><br><br><br>No.<br><br><br><br><br>JURY TRIAL DEMANDED |

### COMPLAINT

NOW COME the Plaintiffs, Alice Walker, as spouse and guardian, of her husband Gerald H.E. Walker, an incompetent person, by her attorneys, Roger D. Landon and Philip T. Edwards, and complain of the Defendants, CITY OF WILMINGTON; CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER JOHN DOE #1, individually and as agent of the CITY WILMINGTON POLICE DEPARTMENT; OFFICER JOHN DOE #2, individually and as agent of the CITY OF WILMINGTON POLICE

DEPARTMENT; OFFICER JANE DOE individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT as follows:

1. The claims set forth herein arise and are instituted pursuant to 42 U.S.C. § 1983 to redress the deprivation by the defendants, acting under color of state law, of rights, privileges and immunities secured to the plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## PARTIES

2. Plaintiff ALICE WALKER is an adult citizen of the United States of America and a resident of the State of Delaware and is the guardian of the person of Gerald H.E. Walker.

3. Plaintiff GERALD H.E. WALKER is an adult citizen of the United States of America and resident of the State of Delaware. Plaintiff GERALD H.E. WALKER is currently subject to an involuntary out-patient commitment order by the State of Delaware and is under the medical care of the Delaware Psychiatric Hospital as an out-patient.

4. Defendant CITY OF WILMINGTON is, and at all relevant times was, a municipal corporation, organized and existing under the laws of the State of Delaware and is engaged in the operation of a law enforcement agency known as the CITY OF WILMINGTON POLICE DEPARTMENT. Defendant CITY

OF WILMINGTON by and through the CITY OF WILMINGTON POLICE DEPARTMENT, is under a duty to run its policing activities in a lawful manner so as to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the constitutions and laws of the United States and the State of Delaware.

5. OFFICER JOHN DOE #1 is a member of the CITY OF WILMINGTON POLICE DEPARTMENT, and upon information and belief is an adult citizen of the United States and resident of the State of Delaware. At all time relevant, defendant OFFICER JOHN DOE #1 was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the CITY OF WILMINGTON.

6. OFFICER JOHN DOE #2 is a member of the CITY OF WILMINGTON POLICE DEPARTMENT, and upon information and belief is an adult citizen of the United States and resident of the State of Delaware. At all time relevant, defendant OFFICER JOHN DOE #2 was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the CITY OF WILMINGTON.

7. OFFICER JANE DOE is a member of the CITY OF WILMINGTON POLICE DEPARTMENT, and upon information and belief is an adult citizen of the United States and resident of the State of Delaware. At all time relevant,

defendant OFFICER JANE DOE was acting under color of law and within the scope of her employment as an agent, servant, and/or employee of the CITY OF WILMINGTON.

## JURISDICTION AND VENUE

8. This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that all Defendants are residents of this district and all acts or omissions which give rise to this cause of action occurred in this District.

## FACTS

10. Mr. Walker was diagnosed with paranoid schizophrenia in the early 1990's and has received psychiatric treatment related to that diagnosis from Connections located at 500 10th West Street, Wilmington, DE 19802 and the Delaware Psychiatric Hospital located at 1901 North DuPont Highway, New Castle, DE 19720.

11. Connections is an out-patient mental health facility.

12. Due to his mental illness, Mr. Walker has experienced paranoid delusions for over twenty years and has required constant mental health treatment. In July 2005

Mr. Walker's mental health deteriorated. On or about July 11, 2005, Mrs. Walker brought Mr. Walker to Connections for treatment.

13. The staff at Connections determined that Mr. Walker needed to be transferred to the Delaware Psychiatric Hospital for further in-patient treatment.

14. In order to transfer Mr. Walker from Connections to the Delaware Psychiatric Hospital, the Connection's staff followed its protocol and contacted the City of Wilmington Police Department to assist in the transfer.

15. In response to the transfer request from Connections, Officer Jane Doe of the Wilmington Police Department arrived at Connections to escort Mr. Walker to the Delaware Psychiatric Hospital.

16. Mr. Walker stated that he did not want to go to the Delaware Psychiatric Hospital and sat down in a chair.

17. Mr. Walker was not physically threatening nor violent with Officer Jane Doe and made no verbal threats to Officer Jane Doe.

18. Officer Jane Doe then called for back-up to assist her in the transfer.

19. Shortly thereafter, Officer John Doe #1, a Caucasian, and Officer John Doe #2, an African American,

arrived at Connections to assist Officer Jane Doe with the transfer.

20. Officer John Doe #1 and Officer John Doe #2 requested that Mr. Walker allow himself to be handcuffed and taken to the Delaware Psychiatric Hospital.

21. Mr. Walker, now standing, once again stated he did not want to be taken to the Delaware Psychiatric Hospital but made no aggressive movements nor verbal threats to the officers.

22. Officer John Doe #1 and Officer John Doe #2 then, suddenly and without warning, violently threw Mr. Walker to the floor causing Mr. Walker's head to slam into a wall.

23. After being thrown on the floor by the officers, Mr. Walker laid face down on the floor with his arms underneath his body. He made no attempt to physically harm the officers nor did he make any verbal threats to do so.

24. Officer John Doe #1 and Officer John Doe #2 began to repeatedly and violently beat Mr. Walker about the head, neck, arms and back with their fists.

25. During the beating, Officer John Doe #1 hit Mr. Walker so hard in his head that the officer thought he broke his hand. Officer John Doe #1 then began to use a pair of steel handcuffs, instead of his fist, to continue to violently beat Mr. Walker about the head, neck and back.

26. As Officer John Doe #1 continued to strike Mr. Walker about his head, neck and back, Officer John Doe #2 inserted his thumb into a pressure point in Mr. Walker's neck and sprayed mace directly into Mr. Walker's face.

27. The officers then handcuffed Mr. Walker and removed him from the Connections building.

28. As Officer John Doe #1 and Officer John Doe Officer #2 were unjustifiably beating Mr. Walker, Officer Jane Doe watched the assault and did nothing to protect Mr. Walker from the attack.

29. At no time prior to, during, or after the police beating of Mr. Walker did Mr. Walker make any aggressive or violent movements toward the police officers.

30. At no time prior to, during, or after the police beating of Mr. Walker did Mr. Walker make any verbal threats to the police officers.

31. The only statements made by Mr. Walker before, during, and after the beating were, "Why are you doing this to me?" and "I do not want to go to the hospital."

32. The City of Wilmington Police Officers named above used grossly excessive and unnecessary force in transferring a fragile mentally ill Gerald Walker from Connections to the Delaware Psychiatric Hospital.

33. As a result of the willful, wanton and malicious beating at the hands of the City of Wilmington Police Officers, Mr. Walker sustained serious life-threatening physical injury including, but not limited to, a subdural hematoma in his head requiring a craniotomy.

34. Mr. Walker's beating at the hands of the Wilmington Police Officers also exacerbated his preexisting mental illness.

## COUNT I: 42 U.S.C. § 1983 USE OF EXCESSIVE FORCE (OFFICER JOHN DOE #1 and OFFICER JOHN DOE #2)

35. Plaintiffs reallege and incorporate paragraphs one through 34 above as though fully set forth herein.

36. The actions of defendants, Officer John Doe #1 and Officer John Doe #2, as set forth in Paragraphs 21 through 32 above, amounted to excessive force under the circumstances in violation of the rights secured to plaintiff Gerald Walker by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983.

37. The actions of defendants Officer John Doe #1 and Officer John Doe #2 deprived Mr. Walker of his right to be secure in his person against unreasonable seizure as guaranteed to Mr. Walker under the Fourth Amendment to the United States Constitution and of the right not to be

deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Mr. Walker under the Fourteenth Amendment to the United States Constitution.

38. The conduct of defendants Officer John Doe #1 and Officer John Doe #2 was intentional, wanton, malicious, and oppressive, entitling plaintiffs to punitive damages.

39. As a direct and proximate result of said conduct of defendants Officer John Doe #1 and Officer John Doe #2, plaintiff Gerald Walker has been injured and has suffered a loss of personal freedom, physical injury, mental injury, emotional pain and suffering and mental anguish.

40. As a direct and proximate result of said conduct of defendants Officer John Doe #1 and Officer John Doe #2, plaintiff Alice Walker has been injured and has suffered a loss of Gerald Walker's society, companionship and affection.

### COUNT II: 42 U.S.C. 1983 (OFFICER JANE DOE)

41. Plaintiffs reallege and incorporate paragraphs one through 40 above as though fully set forth herein.

42. Defendant Officer Jane Doe's actions, as set forth in paragraphs 21 through 32, in failing to act to prevent or at least attempt to prevent Officer John Doe #1 and Officer John Doe #2 from unjustifiably exerting

excessive force on Mr. Walker and, thereby acquiescing and ratifying the unconstitutional conduct of Officers John Doe #1 and John Doe #2, deprived Mr. Walker of his right to be secure in his person against unreasonable seizure as guaranteed to Mr. Walker under the Fourth Amendment to the United States Constitution and of the right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Mr. Walker under the Fourteenth Amendment to the United States Constitution.

43. The conduct of defendant Officer Jane Doe was intentional, wanton, malicious, and oppressive, entitling plaintiffs to punitive damages.

44. As a direct and proximate result of said conduct of defendant Officer Jane Doe, plaintiff Gerald Walker has been injured and has suffered a loss of personal freedom, physical injury, mental injury, emotional pain and suffering and mental anguish.

45. As a direct and proximate result of said conduct of defendant Officer Jane Doe, plaintiff Alice Walker has been injured and has suffered a loss of Gerald Walker's society, companionship and affection.

## Count III: 42 U.S.C.1983 (CITY OF WILMINGTON AND CITY OF WILMINGTON POLICE DEPARTMENT)

46. Plaintiffs reallege the foregoing paragraphs one through 45 as though fully set forth herein.

47. Defendants City of Wilmington and City of Wilmington Police Department, by and through their authorized agents, servants, and employees, permitted, encouraged, and tolerated an official pattern, practice, or custom of its law enforcement officers violating the federal constitutional rights of the public at large, including plaintiffs.

48. Defendants City of Wilmington and City of Wilmington Police Department, by and through their authorized agents, servants, and employees, had in place at the time of the incident one or more of the following policies, practices or customs, which was a proximate cause of plaintiffs' injuries:

   a. A failure to adequately train and educate their officers in the proper procedures to employ when interacting with citizens;

   b. A failure to adequately train and educate their officers in the proper procedures to employ when interacting with mentally ill citizens;

    c.    A failure to adequately train and educate their officers in the proper use of force to subdue citizens;

    d.    A failure to adequately train and educate their officers in the proper use of force to subdue mentally ill citizens;

    e.    A failure to adequately train and educate their officers as to how to respond when a fellow officer uses unjustifiable excessive force on a mentally ill citizen;

    f.    A failure to discipline their officers with respect to violations of the laws of the State of Delaware, the Constitution of the United States, and their own policies regarding the use of force; and

    g.    A failure to adequately investigate citizens' complaints, officer misconduct, and compliance with policy, creating an atmosphere where officers routinely violate policy and violate constitutional rights of the public at large, including plaintiffs.

    49.    Defendants City of Wilmington and City of Wilmington Police Department, in engaging in and/or tolerating one or more of the foregoing policies, practices or customs, acted with deliberate indifference to, and in reckless disregard of the welfare and rights of the public at large, including plaintiffs.

50. The foregoing actions of defendants Officer John Doe #1, Officer John Doe #2 and Officer Jane Doe were directly and proximately caused by the aforementioned policies, practices and customs of the defendants City of Wilmington and City of Wilmington Police Department.

51. The conduct of defendants City of Wilmington and City of Wilmington Police Department was reckless, willful, wanton, oppressive and grossly negligent entitling plaintiffs to punitive damages.

52. As a direct and proximate result of said conduct of defendants City of Wilmington and City of Wilmington Police Department, plaintiff Gerald Walker has been injured and has suffered a loss of personal freedom, physical injury, mental injury, emotional pain and suffering and mental anguish.

53. As a direct and proximate result of said conduct of defendants City of Wilmington and City of Wilmington Police Department, plaintiff Alice Walker had been injured and has suffered a loss of Gerald Walker's society, companionship and affection.

**DAMAGES**

54. Plaintiffs reallege paragraphs one through 53 as though fully set forth herein.

55. As a direct and proximate result of the aforementioned acts and/or omissions of the defendants, plaintiffs were injured. The damages for which plaintiffs seek compensation from defendants, both jointly and severally, include, but are not limited to, the following:

    a. The physical, mental and emotional pain of Gerald Walker, both past and future;

    b. Medical expenses incurred and to be incurred in the future;

    c. The loss of Gerald Walker's society, companionship and affection suffered by Alice Walker;

    d. Pre- and post judgment interest;

    e. Statutory and discretionary costs;

    f. Punitive Damages

    g. Attorney's fees;

    h. All other relief this Court deems just and proper.

Wherefore, plaintiffs pray for judgment in their favor and against defendants for the relief stated above.

                      MURPHY SPADARO & LANDON
                      /s/ Roger D. Landon
                      Roger D. Landon (ID #: 2460)
                      Philip T. Edwards (ID #: 4393)
                      1011 Centre Road, Suite 210
                      Wilmington, DE 19805
                      Attorneys for Plaintiffs

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alice Walker, individually and as guardian of her husband, Gerald H.E. Walker, an incompetent person

**(b)** County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's:
Roger D. Landon, Esquire
Murphy Spadaro & Landon
Philip T. Edwards, Esquire
1011 Centre Road, Suite 210
Wilmington, DE 19805

## DEFENDANTS
City of Wilmington, et al.

County of Residence of First Listed Defendant: **New Castle**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause: Wilmington police officer's use of excessive force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 6/1/06

SIGNATURE OF ATTORNEY OF RECORD: /s/ Roger D. Landon /s/ Philip T. Edwards

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-366

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __6__ COPIES OF AO FORM 85.

__June 6th 2006__
(Date forms issued)

__John W Melvin III__ (signature)
(Signature of Party or their Representative)

__John W Melvin III__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action