IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICE WALKER, individually and as guardian, of her husband, GERALD H.E. WALKER, an incompetent person,<br><br>Plaintiff, | CIVIL ACTION |
| v. | No. 06-366 JJF |
| CITY OF WILMINGTON; CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER SHAWN GORDON, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER MICHAEL BALLARD, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER KAREN BUHRMAN individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT,<br><br>Defendants. | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

NOW COME the Plaintiffs, Alice Walker, as spouse and guardian, of her husband Gerald H.E. Walker, an incompetent person, by her attorneys, Roger D. Landon and Philip T. Edwards, and complain of the Defendants, CITY OF WILMINGTON; CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER SHAWN GORDON, individually and as agent of the CITY WILMINGTON POLICE DEPARTMENT; OFFICER MICHAEL BALLARD, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER KAREN BUHRMAN individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT as follows:

1. The claims set forth herein arise and are instituted pursuant to 42 U.S.C. § 1983 to redress the deprivation by the defendants, acting under color of state law, of rights, privileges and immunities secured to the plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## **PARTIES**

2. Plaintiff ALICE WALKER is an adult citizen of the United States of America and a resident of the State of Delaware and is the guardian of the person of Gerald H.E. Walker.

3. Plaintiff GERALD H.E. WALKER is an adult citizen of the United States of America and resident of the State of Delaware. Plaintiff GERALD H.E. WALKER is currently subject to an involuntary out-patient commitment order by the State of Delaware and is under the medical care of the Delaware Psychiatric Hospital as an out-patient.

4. Defendant CITY OF WILMINGTON is, and at all relevant times was, a municipal corporation, organized and existing under the laws of the State of Delaware and is engaged in the operation of a law enforcement agency known as the CITY OF WILMINGTON POLICE DEPARTMENT. Defendant CITY OF WILMINGTON by and through the CITY OF WILMINGTON POLICE DEPARTMENT, is under a duty to run its policing activities in a lawful manner so as to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to

them by the constitutions and laws of the United States and the State of Delaware.

    5.    <u>OFFICER SHAWN GORDON</u> is a member of the CITY OF WILMINGTON POLICE DEPARTMENT, and upon information and belief is an adult citizen of the United States and resident of the State of Delaware.  At all time relevant, defendant <u>OFFICER SHAWN GORDON</u> was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the CITY OF WILMINGTON.

    6.    <u>OFFICER MICHAEL BALLARD</u> is a member of the CITY OF WILMINGTON POLICE DEPARTMENT, and upon information and belief is an adult citizen of the United States and resident of the State of Delaware.  At all time relevant, defendant <u>OFFICER MICHAEL BALLARD</u> was acting under color of law and within the scope of his employment as an agent, servant, and/or employee of the CITY OF WILMINGTON.

    7.    <u>OFFICER KAREN BUHRMAN</u> is a member of the CITY OF WILMINGTON POLICE DEPARTMENT, and upon information and belief is an adult citizen of the United States and resident of the State of Delaware.  At all time relevant, defendant <u>OFFICER KAREN BUHRMAN</u> was acting under color of law and within the scope of her employment as an agent, servant, and/or employee of the CITY OF WILMINGTON.

## JURISDICTION AND VENUE

    8.    This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United

States Constitution.  This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1367.

9.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that all Defendants are residents of this district and all acts or omissions which give rise to this cause of action occurred in this District.

## FACTS

10.  Mr. Walker was diagnosed with paranoid schizophrenia in the early 1990's and has received psychiatric treatment related to that diagnosis from Connections located at 500 10th West Street, Wilmington, DE 19802 and the Delaware Psychiatric Hospital located at 1901 North DuPont Highway, New Castle, DE 19720.

11.  Connections is an out-patient mental health facility.

12.  Due to his mental illness, Mr. Walker has experienced paranoid delusions for over twenty years and has required constant mental health treatment. In July 2005 Mr. Walker's mental health deteriorated.  On or about July 11, 2005, Mrs. Walker brought Mr. Walker to Connections for treatment.

13.  The staff at Connections determined that Mr. Walker needed to be transferred to the Delaware Psychiatric Hospital for further in-patient treatment.

14. In order to transfer Mr. Walker from Connections to the Delaware Psychiatric Hospital, the Connection's staff followed its protocol and contacted the City of Wilmington Police Department to assist in the transfer.

15. In response to the transfer request from Connections, OFFICER KAREN BUHRMAN of the Wilmington Police Department arrived at Connections to escort Mr. Walker to the Delaware Psychiatric Hospital.

16. Mr. Walker stated that he did not want to go to the Delaware Psychiatric Hospital and sat down in a chair.

17. Mr. Walker was not physically threatening nor violent with OFFICER KAREN BUHRMAN and made no verbal threats to OFFICER KAREN BUHRMAN.

18. OFFICER KAREN BUHRMAN then called for back-up to assist her in the transfer.

19. Shortly thereafter, OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD arrived at Connections to assist OFFICER KAREN BUHRMAN with the transfer.

20. OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD requested that Mr. Walker allow himself to be handcuffed and taken to the Delaware Psychiatric Hospital.

21. Mr. Walker, now standing, once again stated he did not want to be taken to the Delaware Psychiatric

Hospital but made no aggressive movements nor verbal threats to the officers.

22. OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD then, suddenly and without warning, violently threw Mr. Walker to the floor causing Mr. Walker's head to slam into a wall.

23. After being thrown on the floor by the officers, Mr. Walker laid face down on the floor with his arms underneath his body. He made no attempt to physically harm the officers nor did he make any verbal threats to do so.

24. OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD began to repeatedly and violently beat Mr. Walker about the head, neck, arms and back with their fists.

25. During the beating, OFFICER SHAWN GORDON hit Mr. Walker so hard in his head that the officer thought he broke his hand. OFFICER SHAWN GORDON then began to use a pair of steel handcuffs, instead of his fist, to continue to violently beat Mr. Walker about the head, neck and back.

26. As OFFICER SHAWN GORDON continued to strike Mr. Walker about his head, neck and back, OFFICER MICHAEL BALLARD inserted his thumb into a pressure point in Mr. Walker's neck and sprayed mace directly into Mr. Walker's face.

27. The officers then handcuffed Mr. Walker and removed him from the Connections building.

28. As OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD were unjustifiably beating Mr. Walker, OFFICER KAREN BUHRMAN watched the assault and did nothing to protect Mr. Walker from the attack.

29. At no time prior to, during, or after the police beating of Mr. Walker did Mr. Walker make any aggressive or violent movements toward the police officers.

30. At no time prior to, during, or after the police beating of Mr. Walker did Mr. Walker make any verbal threats to the police officers.

31. The only statements made by Mr. Walker before, during, and after the beating were, "Why are you doing this to me?" and "I do not want to go to the hospital."

32. The City of Wilmington Police Officers named above used grossly excessive and unnecessary force in transferring a fragile mentally ill Gerald Walker from Connections to the Delaware Psychiatric Hospital.

33. As a result of the willful, wanton and malicious beating at the hands of the City of Wilmington Police Officers, Mr. Walker sustained serious life-threatening physical injury including, but not limited to, a subdural hematoma in his head requiring a craniotomy.

34. Mr. Walker's beating at the hands of the Wilmington Police Officers also exacerbated his preexisting mental illness.

### COUNT I: 42 U.S.C. § 1983 USE OF EXCESSIVE FORCE (OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD)

35. Plaintiffs reallege and incorporate paragraphs one through 34 above as though fully set forth herein.

36. The actions of defendants, OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD, as set forth in Paragraphs 21 through 32 above, amounted to excessive force under the circumstances in violation of the rights secured to plaintiff Gerald Walker by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983.

37. The actions of defendants OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD deprived Mr. Walker of his right to be secure in his person against unreasonable seizure as guaranteed to Mr. Walker under the Fourth Amendment to the United States Constitution and of the right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Mr. Walker under the Fourteenth Amendment to the United States Constitution.

38. The conduct of defendants OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD was intentional, wanton, malicious, and oppressive, entitling plaintiffs to punitive damages.

39. As a direct and proximate result of said conduct of defendants OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD, plaintiff Gerald Walker has been injured and has suffered a loss of personal freedom, physical injury, mental injury, emotional pain and suffering and mental anguish.

40. As a direct and proximate result of said conduct of defendants OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD, plaintiff Alice Walker has been injured and has suffered a loss of Gerald Walker's society, companionship and affection.

**COUNT II: 42 U.S.C. 1983 (OFFICER KAREN BUHRMAN)**

41. Plaintiffs reallege and incorporate paragraphs one through 40 above as though fully set forth herein.

42. Defendant OFFICER KAREN BUHRMAN's actions, as set forth in paragraphs 21 through 32, in failing to act to prevent or at least attempt to prevent OFFICER SHAWN GORDON and OFFICER MICHAEL BALLARD from unjustifiably exerting excessive force on Mr. Walker and, thereby acquiescing and ratifying the unconstitutional conduct of OFFICER SHAWN

GORDON and OFFICER MICHAEL BALLARD, deprived Mr. Walker of his right to be secure in his person against unreasonable seizure as guaranteed to Mr. Walker under the Fourth Amendment to the United States Constitution and of the right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Mr. Walker under the Fourteenth Amendment to the United States Constitution.

43. The conduct of defendant OFFICER KAREN BUHRMAN was intentional, wanton, malicious, and oppressive, entitling plaintiffs to punitive damages.

44. As a direct and proximate result of said conduct of defendant OFFICER KAREN BUHRMAN, plaintiff Gerald Walker has been injured and has suffered a loss of personal freedom, physical injury, mental injury, emotional pain and suffering and mental anguish.

45. As a direct and proximate result of said conduct of defendant OFFICER KAREN BUHRMAN, plaintiff Alice Walker has been injured and has suffered a loss of Gerald Walker's society, companionship and affection.

**Count III: 42 U.S.C.1983 (CITY OF WILMINGTON AND CITY OF WILMINGTON POLICE DEPARTMENT)**

46. Plaintiffs reallege the foregoing paragraphs one through 45 as though fully set forth herein.

47. Defendants City of Wilmington and City of Wilmington Police Department, by and through their authorized agents, servants, and employees, permitted, encouraged, and tolerated an official pattern, practice, or custom of its law enforcement officers violating the federal constitutional rights of the public at large, including plaintiffs.

48. Defendants City of Wilmington and City of Wilmington Police Department, by and through their authorized agents, servants, and employees, had in place at the time of the incident one or more of the following policies, practices or customs, which was a proximate cause of plaintiffs' injuries:

    a.   A failure to adequately train and educate their officers in the proper procedures to employ when interacting with citizens;

    b.   A failure to adequately train and educate their officers in the proper procedures to employ when interacting with mentally ill citizens;

    c.   A failure to adequately train and educate their officers in the proper use of force to subdue citizens;

    d.   A failure to adequately train and educate their officers in the proper use of force to subdue mentally ill citizens;

e.  A failure to adequately train and educate their officers as to how to respond when a fellow officer uses unjustifiable excessive force on a mentally ill citizen;

f.  A failure to discipline their officers with respect to violations of the laws of the State of Delaware, the Constitution of the United States, and their own policies regarding the use of force; and

g.  A failure to adequately investigate citizens' complaints, officer misconduct, and compliance with policy, creating an atmosphere where officers routinely violate policy and violate constitutional rights of the public at large, including plaintiffs.

49.  Defendants City of Wilmington and City of Wilmington Police Department, in engaging in and/or tolerating one or more of the foregoing policies, practices or customs, acted with deliberate indifference to, and in reckless disregard of the welfare and rights of the public at large, including plaintiffs.

50.  The foregoing actions of defendants OFFICER SHAWN GORDON, OFFICER MICHAEL BALLARD and OFFICER KAREN BUHRMAN were directly and proximately caused by the aforementioned policies, practices and customs of the defendants City of Wilmington and City of Wilmington Police Department.

51. The conduct of defendants City of Wilmington and City of Wilmington Police Department was reckless, willful, wanton, oppressive and grossly negligent entitling plaintiffs to punitive damages.

52. As a direct and proximate result of said conduct of defendants City of Wilmington and City of Wilmington Police Department, plaintiff Gerald Walker has been injured and has suffered a loss of personal freedom, physical injury, mental injury, emotional pain and suffering and mental anguish.

53. As a direct and proximate result of said conduct of defendants City of Wilmington and City of Wilmington Police Department, plaintiff Alice Walker had been injured and has suffered a loss of Gerald Walker's society, companionship and affection.

**DAMAGES**

54. Plaintiffs reallege paragraphs one through 53 as though fully set forth herein.

55. As a direct and proximate result of the aforementioned acts and/or omissions of the defendants, plaintiffs were injured. The damages for which plaintiffs seek compensation from defendants, both jointly and severally, include, but are not limited to, the following:

   a. The physical, mental and emotional pain of Gerald Walker, both past and future;

  b. Medical expenses incurred and to be incurred in the future;

  c. The loss of Gerald Walker's society, companionship and affection suffered by Alice Walker;

  d. Pre- and post judgment interest;

  e. Statutory and discretionary costs;

  f. Punitive Damages

  g. Attorney's fees;

  h. All other relief this Court deems just and proper.

 Wherefore, plaintiffs pray for judgment in their favor and against defendants for the relief stated above.

       MURPHY SPADARO & LANDON
       /s/ Roger D. Landon
       Roger D. Landon (ID #: 2460)
       Philip T. Edwards (ID #: 4393)
       1011 Centre Road, Suite 210
       Wilmington, DE 19805
       Attorneys for Plaintiffs