IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICE WALKER, individually and as guardian, of her husband, GERALD H.E. WALKER, an incompetent person,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WILMINGTON; CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER SHAWN GORDON, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER MICHAEL BALLARD, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER KAREN BUHRMAN individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT,<br><br>Defendants. | CIVIL ACTION<br><br><br><br>No. 06-366 JJF<br><br><br><br>JURY TRIAL DEMANDED |

## WAIVER OF SERVICE OF SUMMONS

TO: Roger D. Landon, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

I acknowledge receipt of your request that I waive service of a summons in the

action of Alice Walker, Individually and as guardian, of her husband, Gerald H.E.

Walker, an incompetent person v. City of Wilmington; City of Wilmington Police

Department; ~~Officer~~ *Senior Corporal* Shawn Gordon, individually and as an agent of the City of

Wilmington Police Department; Officer Michael Ballard, individually and as agent of

City of Wilmington Police Department; and ~~Officer~~ *Senior Corporal* Karen Buhrman, individually and as

132551

agent of City of Wilmington Police Department, which is case number 06-366 JJF in the United States District Court for the District of Delaware. I have also received a copy of the amended complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the amended complaint in this lawsuit by not requiring that Officer Michael Ballard be serviced with judicial process in the manner provided by Rule 4.

Officer Michael Ballard will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Officer Michael Ballard if an answer or motion under Rule 12 is not served upon you within 60 days after June 16, 2006, or within 90 days after that date if the request was sent outside the United States.

6/23/06
Date

Signature

Printed/typed name: Alex J. Mili, Jr., Esquire

As Assistant City Solicitor

Of City of Wilmington

132551                                    2

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required the bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

(Added Apr. 22, 1993, eff. Dec. 1, 1993.)