IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and GERALD H.E. WALKER, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 06-366 JJF |
| CITY OF WILMINGTON, CITY OF WILMINGTON POLICE DEPARTMENT, OFFICER SHAWN GORDON, OFFICER MICHAEL BALLARD, and OFFICER KAREN BUHRMAN, | : : : : : : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## ANSWER OF THE CITY OF WILMINGTON, SHAWN GORDON, MICHAEL BALLARD AND KAREN BUHRMAN

1. Admitted.

2. Admitted upon information and belief.

3. It is admitted that Gerald Walker is an adult citizen. Defendants do not have any information to admit or deny Mr. Walker's current outpatient treatment.

4. It is admitted that the Wilmington Police Department is a department of the City of Wilmington. It is denied that the City's police department has a separate legal existence apart from the City itself.

5. Admitted.

6. Admitted.

7. Admitted.

### JURISDICTION AND VENUE

8. Defendants admit jurisdiction.

9. Defendants admit venue.

**FACTS**

10. Defendants are unable to admit or deny any allegations about Mr. Walker's mental health history or treatment.

11. Admitted.

12. Defendants are unable to admit or deny any allegations about Mr. Walker's mental health history or treatment. Defendants admit that Mr. Walker was brought to Connections for treatment on July 11, 2005. Upon information and belief, the July 11 treatment was in response to Mrs. Walker's complaints that Mr. Walker was acting strangely toward the Walkers' granddaughter.

13. Admitted.

14. Admitted.

15. Admitted. By way of further explanation, Defendant Buhrman called for back-up assistance after staff members at Connections warned her that Mr. Walker was dangerous and would likely fight any attempts to escort him to the Delaware Psychiatric Hospital.

16. Admitted.

17. Denied as stated. By way of further explanation, when Mr. Walker was told that he would be taken to the Delaware Psychiatric Hospital, he verbally stated that he would not go. He also repeatedly sat down and stood up in an aggressive manner, whereby Defendant Buhrman felt threatened.

18. Admitted that Defendant Buhrman called for back-up assistance based on Mr. Walker's refusal to be transported, and also based upon staff member's warnings that Mr. Walker was dangerous and would likely fight any attempts to escort him to the Delaware

Psychiatric Hospital.

19. Admitted.

20. Admitted.

21. Denied as stated. By way of further explanation, when Mr. Walker was told that he would be transported to the Delaware Psychiatric Hospital, he responded: "You're going to have to make me."

22. Denied. By way of further explanation, it was Mr. Walker who "bear hugged" Defendant Ballard and restrained Defendant Ballard's right arm. Defendant Gordon wrestled Mr. Walker and Defendant Ballard to the floor in order to pull Defendant Ballard's body from Mr. Walker's grip.

23. Denied. By way of further explanation, Mr. Walker made several attempts to physically harm the Defendants, including, but not limited to, "bear hugging" Defendant Ballard and restraining Defendant Ballard's right arm.

24. Denied. By way of further explanation, Defendant Ballard repeatedly tried to break free from Mr. Walker's grip and Defendant Gordon made several attempts to pull Defendant Ballard from Mr. Walker's grip.

25. Denied.

26. Admitted in part; denied in part. Defendants admit that Mr. Walker was sprayed with mace after he ignored several warnings to comply with the police officers' instructions. Defendant Ballard does not recall inserting his thumb into a pressure point. Defendant Gordon denies that he continued to strike Mr. Walker.

27. Admitted.

28. Denied in full.

29. Denied in full.

30. Denied in full.

31. Denied in full.

32. Denied.

33. Denied as stated. Defendants admit that Mr. Walker had a bruise after the incident. Defendants do not know the extent of any other injuries alleged, nor are Defendants aware of the causes of any such injuries (if proven).

34. Defendants have no information to admit or deny any allegations about Mr. Walker's mental illness. Defendants deny Plaintiffs' characterization of this incident as a "beating".

35. Defendants hereby incorporate the responses set forth in Paragraphs 1 through 34 as if set forth herein at length.

36. Denied in full.

37. Denied in full.

38. Denied in full.

39. Denied in full.

40. Denied in full.

41. Defendants hereby incorporate the responses set forth in Paragraphs 1 through 40 as if set forth herein at length.

42. Denied in full.

43. Denied in full.

44. Defendants have no information to admit or deny the losses and injuries described in this averment. If such losses and/or injuries are proven, Defendants deny that they were the

single or collective cause of such injuries and/or losses.

45. Defendants have no information to admit or deny the losses and injuries described in this averment. If such losses and/or injuries are proven, Defendants deny that they were the single or collective cause of such injuries and/or losses.

46. Defendants hereby incorporate the responses set forth in Paragraphs 1 through 45 as if set forth herein at length.

47. Denied in full.

48. Denied in full and denied as to each sub-part.

49. Denied in full.

50. Denied in full.

51. Denied in full.

52. Defendants have no information to admit or deny the losses and injuries described in this averment. If such losses and/or injuries are proven, Defendants deny that they were the single or collective cause of such injuries and/or losses.

53. Defendants have no information to admit or deny the losses and injuries described in this averment. If such losses and/or injuries are proven, Defendants deny that they were the single or collective cause of such injuries and/or losses.

54. Defendants hereby incorporate the responses set forth in Paragraphs 1 through 53 as if set forth herein at length.

55. Defendants have no information to admit or deny the losses and injuries described in this averment. If such losses and/or injuries are proven, Defendants deny that they were the single or collective cause of such injuries and/or losses, and further deny that Plaintiffs are entitled to any of the relief set forth in this averment.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

60.     Defendants' actions were supported by probable cause.

### SECOND AFFIRMATIVE DEFENSE

61.     Thirty Del. C. §§3906 - 3907 authorize police officers to undertake involuntary protective services of infirm adults.

### THIRD AFFIRMATIVE DEFENSE

62.     Plaintiffs fail to state a claim against Defendants upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

63.     The actions and conduct of Defendants, to the extent that they occurred as alleged, did not rise to the level of a Constitutional violation, and therefore, Plaintiffs did not suffer any infringement of their constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

64.     The actions and conduct of Defendants, to the extent that they occurred as alleged, were objectively reasonable under the circumstances which Defendants were aware, therefore, the individual Defendants enjoy qualified immunity from all liability.

### SIXTH AFFIRMATIVE DEFENSE

65.     The actions and conduct of Defendants did not violate any clearly established Constitutional or Federal statutory rights of which Defendants reasonably should have been aware, thereby entitling the individual Defendants to qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

66.     The actions and conduct of the Defendants, to the extent they occurred as alleged,

were undertaken in good faith performance of their official duties, without wantonness or malice, and were, therefore protected by the sovereign immunity provisions of 10 <u>Del. C.</u> §4010 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

67. To the extent that Plaintiffs may have been injured, Defendants were not the proximate cause of any such injuries.

### NINTH AFFIRMATIVE DEFENSE

68. Punitive damages are not recoverable against Defendants for the claims alleged by Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

69. Plaintiffs cannot show an official policy, practice, procedure or custom sufficient to support a finding of municipal liability.

**WHEREFORE**, Defendants, City of Wilmington, Shawn Gordon, Michael Ballard and Karen Buhrman, pray that this Honorable Court dismiss Plaintiffs' Complaint, assess costs and reasonable attorney's fees against Plaintiffs, and order such other relief as this Court deems appropriate.

/s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
E-mail: amili@ci.wilmington.de.us
Attorney for Defendants City of Wilmington, Shawn Gordon, Michael Ballard and Karen Buhrman

Dated: August 4, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and<br>GERALD H.E. WALKER, | :<br>:<br>: | |
| Plaintiffs, | :<br>: | |
| v. | :<br>: | C.A. No. 06-366 JJF |
| CITY OF WILMINGTON, CITY OF<br>WILMINGTON POLICE DEPARTMENT,<br>OFFICER SHAWN GORDON,<br>OFFICER MICHAEL BALLARD, and<br>OFFICER KAREN BUHRMAN, | :<br>:<br>:<br>:<br>: | JURY TRIAL DEMANDED |
| Defendants. | :<br>: | |

## CERTIFICATE OF SERVICE

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 4th day of August, 2006, I filed the Answer of the City of Wilmington Shawn Gordon, Michael Ballard and Karen Buhrman with the Clerk of Court using CM/ECF which will send notification of such filing(s) that this document is available for viewing and downloading from CM/ECF to the following:

    Roger D. Landon, Esquire
    Murphy, Spadaro & Landon
    1011 Centre Road, Suite 210
    Wilmington, DE 19805

    /s/ Alex J. Mili, Jr.
    Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
    Assistant City Solicitor
    City of Wilmington Law Department
    Louis L. Redding City/County Building
    800 N. French Street, 9th Floor
    Wilmington, DE 19801
    (302) 576-2175
    E-mail: amili@ci.wilmington.de.us
    Attorney for Defendants City of Wilmington,
    Shawn Gordon, Michael Ballard and Karen
    Buhrman