IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and<br>GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF<br>WILMINGTON POLICE DEPARTMENT,<br>OFFICER SHAWN GORDON,<br>OFFICER MICHAEL BALLARD, and<br>OFFICER KAREN BUHRMAN, | :<br>:<br>:<br>:<br>: | |
| | : | |
| Defendants. | : | |

DEFENDANTS' MOTION TO COMPEL RESPONSE TO SUBPOENA

COME NOW, Defendants, pursuant to Rule 45(c)(2)(B), and move this Honorable Court to enforce their subpoena that was served upon the Connections Community Support Programs, Inc. ("Connections") for records of Plaintiff Gerald H.E. Walker.

1. This case arises from Plaintiff's allegations that Defendants, the City of Wilmington and three of its police officers, used excessive force in transporting Plaintiff from Connections on July 5, 2005. Plaintiff was a mental health patient who was treated for schizophrenia at Connections on that date. (See Pltfs' Cmpl. ¶¶ 10-11)

2. On January 23, 2007, Defendants served a subpoena on Connections, requesting copies of "office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning Gerald H.E. Walker, including but not limited to any records related to Mr. Walker's transport to Connections on July 5, 2005." (See Exh. "A")

3. By letter of February 20, 2007, Connections, through counsel, declined to honor the

subpoena. Connections cited 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2, as grounds for objecting to the subpoena. (See Exh. "B")  The Connections letter incorrectly states that these statutes and regulations prohibit "the release of certain confidential patient information without either (1) written authorization from the patient in the form laid out in the Code of Federal Regulations, or (2) a court order."

4.  Connections' reliance on 42 U.S.C. § 290dd-2 is incorrect.  The confidentiality provisions of Section 290dd-2 only apply to records of patients who are treated for substance abuse. Those provisions do not apply to records of mental health patients who are treated for schizophrenia. Section 290dd-2(a)(empahsis supplied) expressly states:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are *maintained in connection with the performance of any program or activity relating to substance abuse* education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b).

5.  The same is true of Connections's mistaken reliance on the 42 C.F.R., Part 2.  Part 2 does not prohibit the release of all patient records whatsoever.  It only prohibits the release of records of substance abuse patients.  *See* 42 C.F.R. § 2.1(a).  Aside from the text of these regulations, Part 2 itself is appropriately titled "Confidentiality of Alcohol and Drug Abuse Patients."  Thus, the confidentiality provisions of 42 C.F.R., Part 2, do not apply to records of mental health patients, such as Plaintiff, who was treated by Connections for schizophrenia. (See Pltfs' Cmpl. ¶¶ 10-11)

6.  Pursuant to Rule 45(c)(2)(B), "[i]f an objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production[.]"

7.  Because 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2, do not provide a sufficient legal

basis to object to the City's subpoena, Connections is obligated to honor the subpoena and disclose its records on Gerald H.E. Walker.

8.  In accordance with Rule 45(c)(2)(B), the City hereby moves this Court for an Order compelling Connections to produce all records compiled for Plaintiff Gerald H.E. Walker, as stated in the subpoena.

WHEREFORE, Defendants hereby move this Honorable Court to grant their Motion to Enforce the Subpoena and to Order Connections to disclose all the documents requested in that subpoena.

                                            **CITY OF WILMINGTON LAW DEPARTMENT**

                                            /s/ Alex J. Mili, Jr., Esquire
                                            Alex J. Mili, Jr., Esquire (DE Bar Id. No. 4125)
                                            City of Wilmington Law Department
                                            800 N. French Street, 9th Floor
                                            Wilmington, DE 19801
                                            (302) 576-2175
Dated: March 30, 2007              Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and<br>GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF<br>WILMINGTON POLICE DEPARTMENT,<br>OFFICER SHAWN GORDON,<br>OFFICER MICHAEL BALLARD, and<br>OFFICER KAREN BUHRMAN, | :<br>:<br>:<br>:<br>: | |
| | : | |
| Defendants. | : | |

**ORDER**

_____The Court, having considered Defendants' Motion to Enforce Subpoena, and any opposition thereto, HEREBY GRANTS Defendants' Motion, pursuant to Rule 45(c)(2)(B).

It is HEREBY ORDERED that Connections Community Support Programs, Inc., shall, no later than 30 days from the date of this Order, disclose to Defendants' counsel all office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning Gerald H.E. Walker, including but not limited to any records related to Mr. Walker's transport to Connections on July 5, 2005.

_____          _____
                                                                              **J.**

# EXHIBIT A

FEB 13 2007

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

FOR THE DISTRICT OF DELAWARE

ALICE WALKER and GERALD H. E. WALKER,         SUBPOENA IN A CIVIL CASE

           Plaintiffs,

           v.        CASE NUMBER: 06-366 (JJF)

CITY OF WILMINGTON, CITY OF WILMINGTON
POLICE DEPARTMENT, OFFICER SHAWN GORDON,
OFFICER MICHAEL BALLARD and
OFFICER KAREN BUHRMAN,

           Defendants.

TO:     Connections Community Support Program
        Attn: Records Custodian
        500 W. 10th Street
        Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **any and all office records, reports, notes, writings, correspondence, rehabilitation records, admission and discharge summaries, patient information forms and any other information concerning <u>Gerald H.E. Walker</u>, including but not limited to any records related to Walker's transport to Connections on July 11, 2005.**

| PLACE | DATE AND TIME |
|---|---|
| Louis L. Redding City/County Building, 800 N. French Street, 9th Floor Wilmington, DE 19801 | Friday, February 23, 2007 - 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)      DATE:    FEBRUARY 6, 2007

*[signature]*, Assistant City Solicitor (ATTORNEY FOR DEFENDANTS)

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Alex J. Mili, Jr., Assistant City Solicitor, Louis L. Redding City/County Building, 800 N. French Street, 9th floor, Wilmington, DE 19801 (302) 576-2175

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

SUBPOENA.USD

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |  |
| SERVED ON (PRINT NAME) | TITLE |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESSS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

FEB 1 3 2007

|  | PROOF OF SERVICE | |
|---|---|---|
|  | DATE | PLACE |
| SERVED | 2/9/07 | 500 W. 10TH ST. WILMINGTON, DE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| CONNECTIONS COMMUNITY SUPPORT PROGRAM | | ACCEPTED BY  B. J. SCOTT |
| SERVED BY (PRINT NAME) | | TITLE |
| DENORRIS BRITT | | PROCESS SERVER |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information ntained in the Proof of Service is true and correct.

Executed on    2/9/07
                    DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE 19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which subpoena was issued shall enforce this duty and impose upon the partyor ney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsor of the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party servicing the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT B

# ELIZABETH W. MARCHIONI
*Attorney At Law*

919 WASHINGTON STREET
P.O. BOX 25103
WILMINGTON, DE 19899-5103
(302) 658-1053  FAX (302) 658-9470
Also admitted in PA & NJ

February 20, 2007

Via Facsimile and U.S. Mail

Alex J. Mili, Jr., Esquire
Assistant City Solicitor
Louis J. Redding City/County Bldg.
800 N. French St., 9th Floor
Wilmington, DE 19801

RE:  Alice Walker and Gerard H.E. Walker v. City of Wilmington, et. al.
     Case No.: 06-366 (JJF)

Dear Mr. Mili:

Please be advised that I represent Connections Community Support Programs, Inc. On or about February 9, 2007, my client was served by your office with two subpoenas regarding the above referenced matter.

These subpoenas requested the production of documents related to individuals named Gerald H.E. Walker and Richard L. Andrus respectively. As a provider of drug and alcohol services, my client is governed by the federal regulations set forth in 42 U.S.C. 290dd-2 and 42 CFR Part 2 which prohibit the release of certain confidential patient information without either (1) written authorization from the patient in the form laid out in the Code of Federal Regulations, or (2) a court order. Furthermore, my client is prohibited even from confirming whether or not either of the above referenced individuals has ever received treatment at its facility.

Therefore, please be advised that pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Connections CSP, Inc. objects to the written inspection and/or copying of any of the materials designated in your subpoenas which Connections may have in its possession. This objection is made pursuant to 42 C.F.R. 2.61 which prohibits a party receiving a subpoena from responding unless an authorized court order is entered.

Please feel free to contact me if you have any questions regarding this matter.

Very truly yours,

Elizabeth W. Marchioni

cc: client

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and<br>GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF<br>WILMINGTON POLICE DEPARTMENT,<br>OFFICER SHAWN GORDON,<br>OFFICER MICHAEL BALLARD, and<br>OFFICER KAREN BUHRMAN, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 30th day of March, 2007, I filed the Defendants' Motion to Compel Response to Subpoena with the Clerk of Court using CM/ECF which will send notification of such filing(s) that this document is available for viewing and downloading from CM/ECF to the following:

Roger D. Landon, Esquire
Murphy, Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

Elizabeth W. Marchioni, Esquire
919 Washington Street
P.O. Box 25103
Wilmington, DE 19899

/s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants