```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF DELAWARE

ALICE WALKER, individually    |   CIVIL ACTION
and as guardian, of           |
her husband, GERALD H.E.      |
WALKER, an incompetent person,|
                              |
             Plaintiff,       |
                              |
       v.                     |   No. 06-366 JJF
                              |
CITY OF WILMINGTON; CITY OF   |
WILMINGTON POLICE DEPARTMENT; |
OFFICER SHAWN GORDON,         |
individually and as agent of  |   JURY TRIAL DEMANDED
the CITY OF WILMINGTON POLICE |
DEPARTMENT; OFFICER MICHAEL   |
BALLARD, individually and as  |
agent of the CITY OF          |
WILMINGTON POLICE DEPARTMENT; |
OFFICER KAREN BUHRMAN         |
individually and as agent of  |
the CITY OF WILMINGTON POLICE |
DEPARTMENT,                   |
                              |
             Defendants.      |
```

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR PHYSICAL AND MENTAL EXAMINATION OF GERALD H.E. WALKER**

Plaintiff respectfully opposes defendants' application for a physical and mental examination of Gerald H. E. Walker based on the following:

1.  Gerald H. E. Walker is a diagnosed paranoid schizophrenic who currently resides at the Delaware Psychiatric Hospital pursuant to an involuntary commitment order by the State of Delaware. Mr. Walker has been treated as in-patient at the Delaware Psychiatric Hospital since July 11, 2005.

2.  While being transported from Connections to the Delaware Psychiatric Hospital on July 11, 2005, Mr. Walker was brutally beaten by officers from the Wilmington Police Department at Connections. Connections is an outpatient mental health facility in Wilmington.

3. Plaintiff produced an expert report from John B. Townsend, III, M.D. causally relating a subdural hematoma in Mr. Walker's head to his beating at the hands of the Wilmington police officers.  (See Ex. A. to Defendants' Application for Physical and Mental Examination).  On August 11, 2005 Mr. Walker underwent a craniotomy to relieve the neurological symptoms he was experiencing due to the subdural hematoma.  (See Ex. A. to Defendants' Application for Physical and Mental Examination).  Plaintiff is not seeking damages for permanent injuries to Mr. Walker or damages for any ongoing physical or mental injuries or disability due to the beating.

4. As a board certified neurologist, Dr. Townsend is qualified to render his expert opinion that Mr. Walker's subdural hematoma and the corresponding neurological deficits caused by the subdural hematoma were caused by the police beating.  Ex. A. (Dr. Townsend's CV).  Dr. Townsend arrived at his opinion after reviewing plaintiff's medical records and the sworn statements of two eyewitnesses to the beating. (See Ex. A. to Defendants' Application for Physical and Mental Examination).

5. It was unnecessary for Dr. Townsend to exam Mr. Walker almost two years after he suffered the beating at the hands of the police because Mr. Walker's current physical and mental state are irrelevant to whether or not the subdural hematoma that he suffered almost two years ago was caused by the police beating.  Mr. Walker's involuntary confinement in the Delaware Psychiatric Hospital also made an examination of Mr. Walker by Dr. Townsend impractical.

6. Defendants now seek to have Dr. Neil Kaye, a psychiatrist, examine Mr. Walker in an apparent attempt to rebut Dr. Townsend's expert opinions.  Defendants' application must be denied for several reasons.

7. First, Mr. Walker's current physical and mental conditions are irrelevant to whether or not the subdural hematoma diagnosed in August 2005 was caused by the police beating. Examining Mr. Walker almost two years after the fact will not provide any evidence to the defendants that make Dr. Townsend's expert opinion causally relating the subdural hematoma to the police beating more or less likely.

8. The only relevant information concerning the cause of Mr. Walker's subdural hematoma is contained in the medical records and the witnesses' testimony. An examination of Mr. Walker today will provide defendants with no relevant evidence.

9. Second, Dr. Neil Kaye is not a neurologist and is not qualified to render an opinion concerning the cause of Mr. Walker's subdural hematoma. Dr. Kaye is a psychiatrist who treats mental diseases. As such, he is not qualified to opine concerning the physical injuries suffered by Mr. Walker. Allowing Dr. Kaye to testify regarding the cause of Mr. Walker's subdural hematoma is akin to permitting an orthopaedic physician to testify concerning the cause of an individual's heart attack. The Court would never allow an orthopaedic physician to render an opinion concerning an individual's heart, and as such the Court must not allow Dr. Kaye to provide medical opinions concerning the cause of Mr. Walker's subdural hematoma that are obviously outside of his field of expertise.

10. This is the same premise underlying 18 Del. C. § 6853 requiring a medical expert to be board certified in the same or similar field as a defendant physician in a medical malpractice case. Physicians are simply not qualified to render expert opinions outside of their field of medicine. Therefore, Dr. Kaye must not be permitted to render an

expert opinion concerning the cause of Mr. Walker's subdural hematoma because this area of medicine is clearly outside Dr. Kaye's area of expertise.

11. Finally, Mr. Walker is currently subject to an involuntary commitment order by the State of Delaware and has been treated as an inpatient at the Delaware Psychiatric Hospital since July 11, 2005. As such, Mr. Walker is being treated round the clock by psychiatrists employed by the State of Delaware. Therefore, it is absolutely unnecessary for Mr. Walker to be examined by another psychiatrist, especially since Dr. Kaye will be unable to render any opinions relevant to the facts at issue in this case because he is not qualified to do so.

**Wherefore**, based on the foregoing, plaintiff respectfully requests the Court deny defendants' application to conduct a physical and mental exam of Mr. Walker.

MURPHY & LANDON

/s/ Philip T. Edwards
Roger D. Landon (ID #: 2460)
Philip T. Edwards (ID #: 4393)
1011 Centre Road, Suite 210
Wilmington, DE 19805
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER, individually and as guardian, of | \| \| | CIVIL ACTION |

| | |
|---|---|
| her husband, GERALD H.E. WALKER, an incompetent person, | |
| Plaintiff, | |
| v. | No. 06-366 JJF |
| CITY OF WILMINGTON; CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER SHAWN GORDON, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER MICHAEL BALLARD, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER KAREN BUHRMAN individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT, | JURY TRIAL DEMANDED |
| Defendants. | |

## **CERTIFICATE OF SERVICE**

I, Philip T. Edwards, Esq., do hereby certify that on this 11th day of June, 2007 a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR PHYSICAL AND MENTAL EXAMINATION OF GERALD H.E. WALKER was e-filed and served upon the following individual(s):

Alex J. Mili, Jr., Esq.
City of Wilmington Law Department
City/County Building, 9th Floor
800 North French Street
Wilmington, DE  19801

6

        MURPHY & LANDON

        */s/ Philip T. Edwards*
        ROGER D. LANDON, No. 2460
        PHILIP T. EDWARDS, No. 4393
        1011 Centre Road, #210
        Wilmington, DE  19805
        (302) 472-8112
        Attorneys for Plaintiff