**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALICE WALKER and | : | |
| GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT, | : | JURY TRIAL DEMANDED |
| OFFICER SHAWN GORDON, | : | |
| OFFICER MICHAEL BALLARD, and | : | |
| OFFICER KAREN BUHRMAN, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' APPLICATION FOR A PROTECTIVE ORDER**

COME NOW, Defendants, pursuant to Rule 26(c)(1), and move this Honorable Court to

issue a Protective Order prohibiting disclosure of internal affairs files or reports for Wilmington

police officers who are not parties to this lawsuit.  In support thereof, Defendants state as follows:

1.      This lawsuit alleges that Defendants, three Wilmington police officers, used

excessive force when restraining Plaintiff Gerald Walker.

2.      Plaintiffs' Interrogatories asked Defendants to disclose (1) "any use of force

investigations conducted by the City in the past ten years that resulted in a finding and/or

determination that excessive force had been used by a City of Wilmington police officer," (2) "any

use of force investigations conducted in the past ten years by the City that resulted in the Office of

Professional Standards for Internal Affairs assigning an investigator to further investigate the

allegations of excessive force by a City of Wilmington police officer", and (3) "use of force

investigations, if any, Sergeant Thomas Kane of the City of Wilmington Police Department

conducted during his career as a City of Wilmington police officer." (See Exh. "A")

3.     Plaintiffs' Requests for Production asked Defendants to disclose "[c]opies of any and all documents pertaining to use of force of investigations and/or reports concerning allegations of excessive force upon citizens by City of Wilmington police officers during the course and scope of their duties as City of Wilmington police officers that were conducted by the City in the past ten years, as described on page 16 lines 19 – 23 of Sgt. Thomas Kane's deposition dated February 7, 2007." (See Exh. "B")

4.     Defendants objected to disclosure of this information (See  Exhs. "A" and  "B"), based on 11 Del.C. § 9200(d)(2), which provides:

> (d) Unless otherwise required by this chapter, no law-enforcement agency shall be required to disclose in any civil proceeding, other than those brought by a citizen against a law-enforcement officer alleging that the officer breached the officer's official duties and that such breach resulted in injury or other damage to the citizen, any:
>
>> (1) Personnel file; or
>>
>> (2) Internal affairs investigatory file compiled in connection with a law-enforcement officer under investigation or subjected to questioning for any reason which could lead to disciplinary action, demotion, or dismissal.

Though it is a state statute, this Court has enforced Section 9200(d)(2) in federal civil actions.  See *Bailey v. City of Wilmington,* 1997 U.S. Dist. LEXIS 13355 (D. Del. August 14, 1997).

5.     Plaintiffs contend that Section 9200(d)(2) does not prohibit their request for these disclosures.  (See Exh. "C")[1]  Plaintiffs cite the clause of Section 9200(d)(2) which states that its prohibition against disclosure does not apply to "those suits brought by a citizen against a law enforcement officer alleging that the officer breached the officer's official duties and that such breach resulted in injury or other damage to citizens."   While Defendants agree that Section

---

[1] Plaintiffs also request copies of the personnel files of the three officers named in this lawsuit.  Defendants do not dispute that those personnel files must be disclosed under Section 9200(d)(2), and have undertaken to retrieve and copy those files.

9200(d)(2) does not prohibit disclosure of use of force investigations for the three police officers named as defendants in this lawsuit, Defendants do not agree that this exception broadly allows disclosure of internal affairs investigations for all other police officers who are not parties to this lawsuit. As for the three individual officers named in this lawsuit, they already confirmed under oath that they have not been investigated for use of force, except for the alleged use of force that is that subject of this lawsuit. (Exhs. D, E & F) As for Sgt. Kane's use of force report relating to this lawsuit, Sergeant Kane has confirmed under oath that he no longer has a copy of that report, due to the City's conversion to a new computer system. (Exh. G)

6.     Plaintiffs cannot cite any legal authority to support their expansive construction of Section 9200(d)(2) to allow disclosure of all use of force investigations for the past ten years. On the contrary, the *Bailey* decision expressly confirmed that disclosure under Section 9200 (d)(2) does not extend to police officers who are not a parties to the underlying lawsuit. *Id*. at *8. In *Bailey*, the plaintiff sought internal affairs files that were compiled on Captain Berrien, who was not a named party in the *Bailey* lawsuit. *Id*. at *8. In that case, the City argued that Section 9200(d)(2) did not allow such disclosure because Captain Berrien was not a named party in the *Bailey* lawsuit, nor did the *Bailey* lawsuit allege that Captain Berrien breached any official duties. *Id*. at *8.

8.     The *Bailey* Court agreed with the City's narrow construction of Section 9200(d)(2). The same narrow construction applies to Plaintiffs' request in this case – it does not allow disclosure of internal affairs files for officers who are not parties to this lawsuit and for whom there has been no allegation of any breach of official duties. Although the *Bailey* decision arose from a wrongful termination claim and not an excessive force claim, that distinction does not change the central holding of *Bailey* - that Section 9200(d)(2) does not authorize disclosure of investigatory files on officers who are not parties to the underlying lawsuit.

9.      In light of the strict mandate of Section 9200(d)(2), as applied in *Bailey*, Defendants seek to avoid violating the statutory rights of other Wilmington police officers who are not parties to this litigation.  For that reason, Defendants seek a Protective Order prohibiting disclosure of any and all documents relating to use of force investigations for police officers who are not parties to this lawsuit.

WHEREFORE, pursuant to Rule 26 (c)(1), Defendants move this Honorable Court to issue a Protective Order prohibiting the disclosure of any use of force investigations and/or reports for police officers who are not parties to this lawsuit.

                                        /s/ Alex J. Mili, Jr.
                                        Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
                                        Assistant City Solicitor
                                        City of Wilmington Law Department
                                        Louis L. Redding City/County Building
                                        800 N. French Street, 9th Floor
                                        Wilmington, DE 19801
                                        (302) 576-2175
                                        Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALICE WALKER and | : | |
| GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT, | : | JURY TRIAL DEMANDED |
| OFFICER SHAWN GORDON, | : | |
| OFFICER MICHAEL BALLARD, and | : | |
| OFFICER KAREN BUHRMAN, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

_____AND NOW, to wit, this _____ day of _____2007, the Court having

considered Defendants' Application for a Protective Order, and any opposition thereto,

IT IS HEREBY ORDERED that the Plaintiffs are prohibited from receiving any internal

affairs investigation reports and/or files for Wilmington police officers who are not parties to this

lawsuit.

_____
J.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICE WALKER, individually and as guardian, of her husband, GERALD H.E. WALKER, an incompetent person, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 06-366 JJF |
| CITY OF WILMINGTON; CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER SHAWN GORDON, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER MICHAEL BALLARD, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER KAREN BUHRMAN individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT, | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S INTERROGATORIES

1.    Identify all persons who have direct knowledge of and/or were eyewitnesses to facts alleged in the Complaint, noting specifically the eyewitnesses.

**ANSWER**:

Gabe Huffard, an employee at Connections, witnessed the Defendant officers' apprehending Gerald Walker.

pleadings on your behalf with regard to the facts alleged in the pleadings.

## ANSWER:

The individual defendants have been interviewed by counsel of the City of Wilmington Law Department, but the contents of such interviews are subject to the attorney client privilege and the work product doctrine.

3.     Identify all doctors' and/or hospital reports or records with regard to the injuries alleged in the Complaint in defendants' possession or that have been requested by defendants.

## ANSWER:

Defendants do not yet have any knowledge of the identities of doctors and/or hospital reports or records at this time.  A motion to enforce a subpoena to Connections is pending.

4.     State the names, addresses and qualifications of all expert witnesses who have been consulted by you relative to this case and/or will testify in this case on your behalf and identify the subject matter and the substance of the facts and opinions as to which the expert is expected to testify and a summary of the grounds for each opinion.

## ANSWER:

Defendants have consulted with Dr. Neil Kaye, 5301 Limestone Road, Suite 103 Wilmington, DE 19808.  He has not yet rendered any expert opinion.

5.     Identify any crimes the officers have ever pleaded guilty to or have been convicted of other than traffic violations.

Defendants have not been convicted or pled guilty of any crimes.

6.      Identify any discussions you had with Gerald H. E. Walker and/or Alice Walker at any time after the facts alleged in the Complaint, describe such discussion in detail.

**ANSWER:**

No discussions with the Walkers.

7.      Identify and describe any and all training provided to City of Wilmington police officers during the past ten years regarding the use of force as it pertains to interacting with citizens encountered during the course and scope of their duties as a City of Wilmington police officer.

**ANSWER:**

The individual officers have in-service day training throughout the year, which over the years has included training on the use of force continuum.

8.      Identify and describe any and all training provided to City of Wilmington police officers during the past ten years regarding the mentally ill as it pertains to interacting with mentally ill citizens encountered during the course and scope of their duties as a City of Wilmington police officer.

**ANSWER:**

Defendants have had training regarding mentally ill persons, as part of ongoing in-service training on various law enforcement topics. However, they do not know when exactly the training occurred or what specifically was covered.

police officers during the past ten years regarding the mentally ill as it pertains to a City of Wilmington police officer's use of force when interacting with a mentally ill citizen encountered during the course of their duties as a City of Wilmington police officer.

**ANSWER:**

Defendants have had in-service training regarding mentally ill persons, however, Defendants do not know when exactly the training occurred or what specifically was covered.

10.    Identify and describe any and all procedures and/or protocols in place during the past ten years by which allegations of excessive force allegedly committed by a City of Wilmington police officer are investigated by the City and state the following:

a.    the date the procedure and/or protocol was instituted;

b.    describe the procedure and/or protocol;

c.    who conducts the use of force investigation;

d.    how many such use of force investigations have been conducted in the past 10 years by the City;

e.    have any use of force investigations involved the officers who are the named defendants in this case;

f.    if the answer to question (d) is yes, how many such investigations have involved the  officers who are the named defendants in this case;

h. if the answer to question (d) is yes, please describe the result, conclusion, findings and/or sanctions imposed as a result of each such investigation(s);

i. if the answer to question (d) is yes, please identify the individual(s) who conducted and/or were responsible for conducting each investigation;

j. if the answer to question (d) is yes, please identify the individual(s) who made the determination(s) as to whether or not the officers had engaged in the use of excessive force for each such investigation.

**ANSWER:**

a. the procedure has been codified in the White Book over the past ten years, as amended from time to time, which is currently set forth in Directive 6.7(5);

b. officer notifies supervisor, supervisor conducts investigation, officer writes DI explaining actions, and supervisor completes his findings.

c. immediate supervisor conducts the investigation, and then the investigation is turned over to the Office of Professional Standards

d. unknown

e. No.

f. n/a

g. n/a

h. n/a

i. n/a

11.    Have any use of force investigations conducted by the City in the past ten years resulted in a finding and/or determination that excessive force had been used by a City of Wilmington police officer, and if so, state the following:

      a.    How many resulted in such a finding and/or determination;

      b.    describe the circumstances and/or facts that resulted in such a finding;

      c.    the result, conclusion and/or sanction regarding each such finding;

      d.    identify the individuals and/or officers involved in each such finding(s);

**ANSWER:**

**Objection.** This interrogatory seeks information for which disclosure is prohibited by the Law Enforcement Officers Bill of Rights, 11 Del.C. § 9200(d)(2), as applied to federal civil actions in *Bailey v. City of Wilmington.* As for the named defendants in this case, there have been no such use of force investigations resulting in a finding that excessive force had been used.

12.    Have any use of force investigations conducted in the past ten years by the City resulted in the Office of Professional Standards for Internal Affairs assigning an investigator to further investigate the allegations of excessive force by a City of Wilmington police officer, and if so, please answer the following:

      a.    how many use of force investigations have resulted in the Office of Professional Standards for Internal Affairs assigning an investigator to further

b.    identify the City of Wilmington police officers investigated by the Office of Professional Standards for Internal Affairs regarding allegations of excessive force;

c.    what was the conclusion, determination and/or result (including any sanction or punishment imposed) of each Office of Professional Standards for Internal Affairs investigation concerning excessive force by a City of Wilmington police officer;

d.    how many investigations, if any, by the Office of Professional Standards for Internal Affairs involved the officers who are the named defendants in this case;

e.    if the answer to question (d) is one or more, please describe the circumstances, incidents, allegations and/or complaints that resulted in such investigation(s) by the Office of Professional Standards for Internal Affairs;

f.    if the answer to question (d) is one or more, what was the conclusion, determination and/or result (including any sanction or punishment imposed) by the Office of Professional Standards for Internal Affairs of its investigation;

**ANSWER:**

**Objection.** This interrogatory seeks information for which disclosure is prohibited by the Law Enforcement Officers Bill of Rights, 11 Del.C. § 9200(d)(2), as applied to federal civil actions in *Bailey v. City of Wilmington*. As for the named defendants in this case, there have been no such use of force investigations resulting in a finding that excessive force had

13.   How many use of force investigations, if any, has Sergeant Thomas Kane of the City of Wilmington Police Department conducted during his career as a City of Wilmington police office, and if the answer is one or more, please state the following:

a.   how many such investigations have resulted in a finding that a City of Wilmington police officer did and/or may have used excessive force during the course and scope of his/her duties as a City of Wilmington police officer;

b.   did any of these investigations involve any of the officers who are the named defendants in this case;

c.   if the answer to question (b) is yes, how many investigations involved the officers named as defendants in this case;

d.   if the answer to question (b) is yes, please describe the circumstances, incidents, allegations and/or complaints that resulted in each such investigation;

e.   if any of Sgt. Kane's investigations did involve any of the officers who are the named defendants in this case, what was the conclusion, determination and/or result (including any sanction or punishment imposed) of each such investigation.

**ANSWER:**

**Objection.** This interrogatory seeks information for which disclosure is prohibited by the Law Enforcement Officers Bill of Rights, 11 Del.C. § 9200(d)(2), as applied to federal civil actions in *Bailey v. City of Wilmington.*

answers to each and every interrogatory propounded herein include not only the information known to you or your attorney, but also the information within the possession or control of yourself or your attorney?

**ANSWER:**

No. Some answers are recited based on memory, not necessarily information within the possession or control of answering defendants or counsel.

15. Identify any and all allegations of the use of excessive force by a City of Wilmington police officer against a citizen reported to the City in the past ten years regardless of whether a use of force investigation was conducted by the City.

**ANSWER:**

Without waiving any objections under the Law Enforcement Officers Bill of Rights, answering defendants identify the following lawsuits:

Raymond Green v. City of Wilmington, et al. – 7/02 – Excessive Force - dismissed

Timothy Smith v. Wilmington Police Dept., - 3/99 - Excessive Force - dismissed

Salomie Cooper, et al. v. Officer Villaburdi, et al – 8/00 - Excessive Force- dismissed

Harvey Hudson v. City of Wilmington, et al. – 2/00 - Excessive Force- dismissed

Joseph Washington v. Robert Curry, et al. – 9/01 - Excessive Force - dismissed

Steven Miller v. City of Wilmington, et al. – 3/01 - Excessive Force- dismissed

Crystal Spanos v. City of Wilmington, et al. – 8/00 – Excessive Force - dismissed

Stanford Burris v. James G. Peiffer, et al. – 4/98 – Excessive Force- dismissed

identify any and all allegations of the use of excessive force by a City of Wilmington police officer against a mentally ill citizen reported to the City in the past ten years regardless of whether a use of force investigation was conducted by the City.

**ANSWER:**

Without waiving any objections under the Law Enforcement Officers Bill of Rights, Defendants are not aware that any of the lawsuits identified in Interrogatory response #15 involved a mentally ill patient.

_____
Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants City of Wilmington,
Shawn Gordon, Michael Ballard and Karen
Buhrman

6/1/07

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALICE WALKER, individually          |    CIVIL ACTION
and as guardian, of                 |
her husband, GERALD H.E.            |
WALKER, an incompetent person,      |
                                    |
            Plaintiff,             |
                                    |
    v.                             |    No. 06-366 JJF
                                    |
CITY OF WILMINGTON; CITY OF         |
WILMINGTON POLICE DEPARTMENT;|
OFFICER SHAWN GORDON,               |
individually and as agent of        |    JURY TRIAL DEMANDED
the CITY OF WILMINGTON POLICE       |
DEPARTMENT; OFFICER MICHAEL         |
BALLARD, individually and as        |
agent of the CITY OF                |
WILMINGTON POLICE DEPARTMENT;|
OFFICER KAREN BUHRMAN               |
individually and as agent of        |
the CITY OF WILMINGTON POLICE       |
DEPARTMENT,                         |
                                    |
            Defendants.            |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANTS

    1.    Copies of all photographs, sketches, or other diagrams taken by or prepared by you or on your behalf, in your possession or available to you concerning any aspect of the litigation.

**RESPONSE:**

    See attached at Bates Stamp 1-11.

2.      Copies of all written or recorded statements or summaries or resumes of interviews taken by any person with respect to any issue in this litigation, including, but not limited to witnesses, defendants, experts and/or investigators.

**RESPONSE:**

See attached at Bates Stamp 1-11.

3.      Copies of all reports of investigation, findings of fact or results of inspection, observation of fact or circumstances, relating to any aspect of this litigation.

**RESPONSE:**

See attached at Bates Stamp 1-11.

4.      Copies of any and all documents, writings, and/or exhibits upon which you intend to rely at trial.

**RESPONSE:**

5.      Copies of all written or recorded statements, or summaries or resumes of interviews taken by any person with respect to any issue in this litigation, including but not limited to, witnesses, defendants, experts and/or investigators.

**RESPONSE:**

Defendants anticipate retaining Dr. Neil Kaye as an expert.  He has not provided any statements, summaries or reports yet.

6.      Copies of any reports by any person qualifying as an expert containing opinions and/or facts on which opinions are based concerning any aspect of this litigation.

**RESPONSE:**

See Response to Request #6.

7.    Copies of the City of Wilmington Police Department's "white book" as described on page 6 lines 1-9 of Sgt. Thomas Kane's deposition dated February 7, 2007.

**RESPONSE:**

Defendants object to disclosure of the entire White Book.  Without waiving the objection, Defendants attach the White Book Directives use of force and dealing with the mentally ill, as well as the index to the White Book.  Plaintiffs may review the index and identify any other White Book Directives that may be relevant to this claim, and Defendants will disclose such additional directives upon further request (to the extent that such Directives are relevant to this lawsuit).

8.    Copies of all insurance policies, including declaration pages and endorsements and any other documents that identify any insurance coverage that may be applicable to any of the plaintiff's claims against Defendants whether such coverage is designated as primary coverage, secondary coverage, excess coverage, reinsurance or by any other term or definition.

**RESPONSE:**

The City is self-insured.

9.    Copies of all photographs taken regarding any of the facts or allegations contained in plaintiff's Complaint.

**RESPONSE:**

None.

10.     Copies of any documents that identify the City of Wilmington's procedures and/or protocols concerning use of force investigations as described in Plaintiff's interrogatories 10 and 11.

**RESPONSE:**

See White Book Directive 6.7 at Bates Stamp 37.

11.     Copies of any and all documents pertaining to use of force of investigations and/or reports concerning allegations of excessive force upon citizens by City of Wilmington police officers during the course and scope of their duties as City of Wilmington police officers that were conducted by the City in the past ten years, as described on page 16 lines 19 – 23 of Sgt. Thomas Kane's deposition dated February 7, 2007.

**RESPONSE:**

**Objection.** This interrogatory seeks information for which disclosure is prohibited by the Law Enforcement Officers Bill of Rights, 11 Del.C. § 9200(d)(2), as applied to federal civil actions in *Bailey v. City of Wilmington*. As for the named defendants in this case, there have been no such use of force investigations resulting in a finding that excessive force had been used.

12.     Copies of any and all documents pertaining to use of force of investigations and/or reports concerning allegations of excessive force upon mentally ill citizens by City of Wilmington police officers during the course and scope of their duties as City of Wilmington police officers that were conducted by the City in the past ten years, as described on page 16 lines 19 – 23 of Sgt. Thomas Kane's deposition dated February 7, 2007.

**RESPONSE:**

**Objection.** This interrogatory seeks information for which disclosure is prohibited by the Law Enforcement Officers Bill of Rights, 11 Del.C. § 9200(d)(2), as applied to federal civil actions in *Bailey v. City of Wilmington.* As for the named defendants in this case, there have been no such use of force investigations resulting in a finding that excessive force had been used.

13.    Copies of any and all documents pertaining to use of force of investigations and/or reports concerning allegations of excessive force upon citizens by City of Wilmington police officers during the course and scope of their duties as City of Wilmington police officers that were conducted by the Office of Professional Standards for Internal Affairs in the past ten years, as described on page 15 lines 1 - 13 of Sgt. Thomas Kane's deposition dated February 7, 2007.

**RESPONSE:**

**Objection.** This interrogatory seeks information for which disclosure is prohibited by the Law Enforcement Officers Bill of Rights, 11 Del.C. § 9200(d)(2), as applied to federal civil actions in *Bailey v. City of Wilmington.* As for the named defendants in this case, there have been no such use of force investigations resulting in a finding that excessive force had been used.

14.    Copies of any and all documents pertaining to use of force of investigations and/or reports concerning allegations of excessive force upon mentally ill citizens by City of Wilmington police officers during the course and scope of their duties as City of Wilmington police officers that were conducted by the Office of Professional

Standards for Internal Affairs in the past ten years, as described on page 15 lines 1 - 13 of Sgt. Thomas Kane's deposition dated February 7, 2007.

**RESPONSE:**

**Objection.** This interrogatory seeks information for which disclosure is prohibited by the Law Enforcement Officers Bill of Rights, 11 Del.C. § 9200(d)(2), as applied to federal civil actions in *Bailey v. City of Wilmington.* As for the named defendants in this case, there have been no such use of force investigations resulting in a finding that excessive force had been used.

15.    Copies of any notes, minutes, memoranda or recordings of any type with regard to meetings pertaining to use of force investigations concerning allegations of excessive force by City of Wilmington police officers during the course and scope of their duties as City of Wilmington police officers that were conducted by the City and/or the Office of Professional Standards for Internal Affairs in the past ten years.

**RESPONSE:**

**Objection.** This interrogatory seeks information for which disclosure is prohibited by the Law Enforcement Officers Bill of Rights, 11 Del.C. § 9200(d)(2), as applied to federal civil actions in *Bailey v. City of Wilmington.* As for the named defendants in this case, there have been no such use of force investigations resulting in a finding that excessive force had been used.

16.    Copies of any and all documents and/or training materials provided to City of Wilmington police officers by the City regarding the use of force in interacting with citizens during the course and scope of their employment as City of Wilmington police officers.

**RESPONSE:**

See White Book Directive 6.7 at Bates Stamp 37.

17.    Copies of any and all documents and/or training materials provided to City of Wilmington police officers by the City regarding the use of force in interacting with mentally ill citizens during the course and scope of their employment as City of Wilmington police officers.

**RESPONSE:**

Defendants no longer have any such documents in their possession.

18.    Copies of any and all documents and/or training materials provided to City of Wilmington police officers by the City regarding interacting with mentally ill citizens during the course and scope of their employment as City of Wilmington police officers.

**RESPONSE:**

Defendants no longer have any such documents in their possession.

Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants City of Wilmington, Shawn Gordon, Michael Ballard and Karen Buhrman

# EXHIBIT C

# Murphy & Landon

ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

PHILIP T. EDWARDS, ESQ.
DIRECT DIAL: (302) 472-8102

June 11, 2007

Alex J. Mili, Jr., Esq.
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, DE 19801

**Re:** *Alice Walker v. City of Wilmington, et al.*
**United States District Court for the District of Delaware, No. 06-366 JF**
**M&L File No. 05-0907**

Dear Alex:

Please accept this correspondence as plaintiff's good faith attempt to resolve certain potential discovery disputes without involving the Court. Defendants' use of 11 Del. C. 9200(d)(2) as applied in Bailey v. City of Wilmington to several of plaintiff's requests for production is misplaced. 11 Del. C. 9200(d)(2) prevents the productions of officers personnel files and internal affairs investigation files in cases **"other than those brought by a citizen against a law-enforcement officer alleging that the officer breached the officer's official duties and that such breach resulted in injury or other damage to the citizen."** The exception to 11 Del. C. 9200(d)(2) is clearly triggered in this matter where plaintiff is alleging claims against three officers based on the breach of their official duties by exerting excessive force on Mr. Walker that caused Mr. Walker severe personal injuries. Further, Bailey v. City of Wilmington involved a suit by a former police officer against the City for wrongful termination and is thus distinguishable from the instant excessive force action. The facts and allegations of this matter clearly fall under the exception to 11 Del. C. 9200(d)(2) and therefore we once again request that the following documents be produced:

1) Defendants' Personnel Files;
2) Any and all use of force investigation reports conducted by the City of Wilmington Police Department in the past 10 years;
3) Any and all use of force investigation reports conducted by Sgt. Thomas Kane in the past ten years;

00143502.doc

4)  Any and all use of force investigation files and/or reports conducted by the Office of Professional Standards in the past ten years;

5)  Any and all use of force investigation reports conducted by the City of Wilmington Police Department in the past 10 years involving the named defendants;

6)  Any and all use of force investigation reports conducted by Sgt. Thomas Kane in the past ten years involving the named defendants;

7)  Any and all use of force investigation files and/or reports conducted by the Office of Professional Standards in the past ten years involving the named defendants.

Further, per your discovery responses, please provide me with the following excerpts from the White Book:

1)  Section 2.3 – Office of Professional Standards;
2)  Section 6.22 – Procedures for handling sick, injured or deceased persons;
3)  Section 6.20 (1) – 24 Hour Commitment (DSH);
4)  Section 6.24 (1) – Actions (civil processes);
5)  Section 6.27 – Procedures for handling unusual occurrences;
6)  Section 6.59 – Indemnification of Police Officers;
7)  Section 7.1 (1) (2) – Conduct unbecoming an officer; Dishonesty;
8)  Section 8.1(1) – Administration of Discipline;
9)  Section 8.5 (1) – Authority of individual members in disciplinary actions;
10) Section 8.6 (1) - Citizens Complaints (O.O.P.S responsibilities);
11) Preface ii – Code of Ethics;
12) Section 8.11 (1) – Definitions of departmental offenses;
13) Section 7.2 (1)(2) – Disciplinary Probation; Demeanor in Court;
14) Section 6.0 (1)– Departmental directives;
15) Section 7.10 (1) (2) – Duty to report prisoner's illness/injury;
16) Section 8.3 (1) – Elevation of disciplinary offenses;
17) Section 7.3 (1) – Equipment (misuse of);
18) Section 7.6 (1) (2) – Failure to assist fellow officer; Failure to take appropriate police action;
19) Section 7.8 (2) – Failure to conduct proper and complete investigation;
20) Section 6.42(4) (8) – First report of injury; Inaccurate reports;
21) Section 7.2 (1) (3) – General prohibited activity;
22) Section 6.10 (6) (13) – Handicapped prisoner transports;
23) Section 6.6 (5) – Medical Center of Delaware);
24) Section 7.4 (1) - In-service training;
25) Section 8.4 (1) – Investigation (rights of police officers);
26) Section 7.8 (2) – Investigative regulations;

00143502.doc

27) Section 7.6 (1) – Neglect of Duty;
28) Section 2.0 (1) – Office of Investigative Operations;
29) Section 2.3 – Office of Professional Standards;
30) Section 8.6 (1) (3) – Authority to Discipline;
31) Section 8.2 (1) – Penalties;
32) Section 8.7 –Physical force;
33) Section 6.10 – Prisoner transportation;
34) Section 1.1 (6) – Span of control (Supervisor);
35) Section 7.9 (1) – Use of physical force (limitations).

Please provide the foregoing documents within ten days of the instant correspondence. I look forward to hearing from you.

Very truly yours,

Philip T. Edwards

PTE

Cc:   Roger D. Landon, Esq.

00143502.doc

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - -

ALICE WALKER, individually :
and as guardian of her     :
husband, GERALD H. E.      :
WALKER, an incompetent     :
person,                    :
                           :
          Plaintiff,       : No. 06-366 JJF
                           :
     v.                    :
                           :
CITY OF WILMINGTON; CITY OF: JURY TRIAL DEMANDED
WILMINGTON POLICE          :
DEPARTMENT; OFFICER SHAWN  :
GORDON, individually and as:
agent of the CITY OF       :
WILMINGTON POLICE          :
DEPARTMENT; OFFICER MICHAEL:
BALLARD, individually and  :
as agent of the CITY OF    :
WILMINGTON POLICE          :
DEPARTMENT; OFFICER KAREN  :
BUHRMAN, individually and  :
as agent of the CITY OF    :
WILMINGTON POLICE          :
DEPARTMENT,                :
                           :
          Defendants.      :

- - -



          Deposition of **OFFICER SHAWN GORDON,** taken
pursuant to notice, before CAROL DiSERAFINO,
Professional Reporter and Notary Public, duly
authorized to administer oaths, on **TUESDAY, JANUARY 9,
2007, at 10:03 a.m.,** held at the offices of Murphy
Spadaro & Landon, 1011 Centre Road, Suite 210,
Wilmington, Delaware.  There being present:

1        A.      Yes.

2        Q.      What did you do before that?

3        A.      College.

4        Q.      Where did you go to college?

5        A.      Penn State.

6        Q.      Did you get a degree?

7        A.      Uh-huh.  Yes.

8        Q.      What was your degree in?

9        A.      Bachelor of Science, criminal justice.

10       Q.      What year was that?

11       A.      '94 or '93.  Somewhere around there.

12       Q.      How tall are you?

13       A.      Five-nine.

14       Q.      What's your weight?

15       A.      228.

16       Q.      Was that about the same weight in July

17  of '05?

18       A.      Yes.

19       Q.      Have you ever had your deposition taken

20  before?

21       A.      No.

22       Q.      Have you ever been sued before?

23       A.      No.

24       Q.      Have you ever been the subject of any

1  disciplinary action by the City of Wilmington Police

2  Department in connection with excessive force

3  allegations?

4          A.     No.

5          Q.     Did you do anything to prepare for your

6  deposition today?

7                 MR. MILI:  Before you answer, he's

8  instructed not to answer any questions about

9  conversations you've had with the attorney from the

10  City Solicitor's Office.

11  BY MR. LANDON:

12          Q.     I'm not entitled to inquire into any

13  privileged communications that you've had with the

14  City Solicitor's Office, but I am entitled to know

15  what, if any, preparation in general you did for

16  today.

17          A.     Other than talking to Mr. Mili, just

18  reading the report.

19          Q.     Okay.  Which report did you read?

20          A.     Mine.

21          Q.     Can I take a look at that.

22                 This is the report that you authored on

23  7/11/05 concerning the Walker incident; correct?

24          A.     Yes.

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE 

- - -

ALICE WALKER, individually    : CIVIL ACTION
and as guardian of her        :
husband, GERALD H. E.         :
WALKER, an incompetent        :
person,                       :
                              :
              Plaintiff,      : C.A. No. 06-366 JJF
                              :
      v.                      :
                              :
CITY OF WILMINGTON; CITY OF   : JURY TRIAL DEMANDED
WILMINGTON POLICE DEPARTMENT; :
OFFICER SHAWN GORDON,         :
individually and as agent of  :
the CITY OF WILMINGTON POLICE :
DEPARTMENT; OFFICER MICHAEL   :
BALLARD, individually and as  :
agent of the CITY OF          :
WILMINGTON POLICE DEPARTMENT; :
OFFICER KAREN BUHRMAN,        :
individually and as agent of  :
the CITY OF WILMINGTON POLICE :
DEPARTMENT,                   :
                              :
              Defendants.     :


          Deposition of **OFFICER MICHAEL BALLARD,**
taken pursuant to notice, before CAROL DiSERAFINO,
Professional Reporter and Notary Public, duly
authorized to administer oaths, on **MONDAY, NOVEMBER 6,**
**2006, at 9:10 a.m.,** held at the offices of Murphy
Spadaro & Landon, 1011 Centre Road, Suite 210,
Wilmington, Delaware.  There being present:

Ballard - Direct                                    48

1    BY MR. LANDON:

2         Q.    In your job prior to July 11 of '05 when

3    you were either partnering with Shawn Gordon or any of

4    the other folks that you had partnered with prior to

5    him, had you ever witnessed any of your partners or

6    any other member of the Wilmington Police Department

7    using what you considered to be excessive force under

8    any circumstances?

9         A.    No.

10        Q.    Have you yourself ever been the subject

11   of any internal police investigations over the use of

12   force?

13        A.    No.

14             MR. MILI:  Before you answer -- well,

15   you answered it already, but just for the record we

16   have a standing objection to any questions about

17   internal disciplinary investigations based on the

18   Delaware Law Enforcement Officers' Bill of Rights.

19             You can continue to ask the questions

20   and you can continue to answer them but we make a

21   standing objection on the record.

22   BY MR. LANDON:

23        Q.    Has there been any internal

24   investigation by the Wilmington Police Department into

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

COPY

ALICE WALKER, individually          )
and as guardian of                  )
her husband, GERALD H.E.            )
WALKER, an incompetent person,     )
                                    )
            Plaintiff,              )
                                    )   Civil Action
v.                                  )   No. 06-366 JJF
                                    )
CITY OF WILMINGTON; CITY OF        )
WILMINGTON POLICE DEPARTMENT;      )
OFFICER SHAWN GORDON,               )
individually and as agent of       )
the CITY OF WILMINGTON POLICE      )
DEPARTMENT; OFFICER MICHAEL         )
BALLARD, individually and as       )
agent of the CITY OF                )
WILMINGTON POLICE DEPARTMENT,      )
OFFICER KAREN BUHRMAN,             )
individually and as agent of       )
the CITY OF WILMINGTON POLICE      )
DEPARTMENT,                         )
                                    )
            Defendants.             )


            Deposition of KAREN MARIE BUHRMAN,
taken pursuant to notice at the law offices of
Murphy, Spadaro & Landon, 1011 Centre Road, Suite
210, Wilmington, Delaware, beginning at 10:00 a.m.,
on Tuesday, October 3, 2006, before Dale C. Hawkins,
Registered Merit Reporter and Notary Public.

1    pepper spray on him if he didn't comply?

2              A.   Like I stated, there was talk and

3    I'm not sure exactly what that -- what that talk

4    was.

5              Q.   Do you know whether Mr. Walker was

6    ever charged with a crime as a result of this

7    incident?

8              A.   I don't -- no, I don't know.   If I

9    look at my report right now, I can see that he

10   was charged with offensive touching.   Well,

11   that's what this report is.

12             Q.   Have you been the subject of any

13   disciplinary action while employed by the

14   Wilmington Police Department for any reason?

15             MR. MILI:  Before you answer that,

16   for the record we object to this line of

17   questioning under the Law Enforcement Officers

18   Bill of Rights.  You can answer it, but your

19   answer shouldn't for the record be deemed a

20   waiver of any rights under the Law Enforcement

21   Officers Bill of Rights?

22             A.   Yes.

23             Q.   Can you tell me how many times?

24             A.   Three.

1          Q.   Okay.   Have any of those occasions

2      dealt with any allegation of the use of

3      excessive force?

4          A.   No.

5          Q.   Have any of those disciplinary

6      actions resulted from any allegations of failure

7      to report other officers uses of excessive force

8      or alleged uses of excessive force?

9          A.   No.

10         Q.   Have any of those instances dealt

11     with the manner in which you may have handled

12     the transportation of a mentally ill patient to

13     a hospital?

14         A.   No.

15         Q.   Have any of those instances

16     involved the manner in which you dealt with a

17     mentally ill individual under any circumstance?

18         A.   No.

19              MR. LANDON:   All right.   Thank you

20     very much.

21              MR. MILI:   You have the choice to

22     either read the transcript once it's finished

23     and sign it or if you trust him to take

24     everything down accurately, you can waive

**EXHIBIT G**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

ALICE WALKER, individually and )
as guardian, of her husband, )
GERALD H.E. WALKER, an )
incompetent person, )
                              )
            Plaintiffs, )
                              )
     v.                       ) Civil Action No.
                              ) 06-366 JJF
                              )
CITY OF WILMINGTON; CITY OF )
WILMINGTON POLICE DEPARTMENT, )
OFFICER SHAWN GORDON, )
individually and as agent of the)
CITY OF WILMINGTON POLICE )
DEPARTMENT; OFFICER MICHAEL )
BALLARD, individually and as )
agent of the CITY OF WILMINGTON )
POLICE DEPARTMENT; OFFICER KAREN)
BUHRMAN, individually and as )
agent of the CITY OF WILMINGTON )
POLICE DEPARTMENT, )
                              )
            Defendants. )

COPY

        Deposition of SERGEANT THOMAS KANE, taken
pursuant to notice at the law offices of MURPHY &
LANDON, 1011 Centre Road, Suite 210, Wilmington,
Delaware, beginning at 2:10 p.m., on Wednesday,
February 7, 2007, before Karen McCloskey,
Professional Reporter and Notary Public.

Sergeant Thomas Kane

```
 1   on your computer?

 2        A.    I believe I did, yes.

 3        Q.    Have you gone back to try to retrieve it?

 4        A.    Yes.

 5        Q.    When did you go back and try to retrieve

 6   it?

 7        A.    Not until when I wrote the report to

 8   Captain Custis when I was aware of the lawsuit

 9   being filed, probably June 9, 2006.

10        Q.    Has anybody else at the Wilmington Police

11   Department to your knowledge tried to retrieve

12   your report out of the computer?

13        A.    What had happened was in between this

14   time the computers have been replaced in the

15   patrol sergeants' office with newer computers.

16        Q.    What happened to all the information on

17   the older computers when they replaced those

18   computers?  Presumably there was information you

19   needed to do your job; right?

20        A.    Well, they replaced the basic blank forms

21   on the computers in there.  There is almost a

22   total of 15 sergeants that use those four

23   computers in the office. We work shift work so we

24   don't have our own individual computer in the
```

Sergeant Thomas Kane

1    patrol division.

2        Q.    Do you know whether the information that

3    was on the old computers was somehow stored

4    somewhere by the Wilmington Police Department when

5    they bought the new computers?

6        A.    I'm not aware, no.

7        Q.    Who would be the person that would most

8    likely be able to answer that question?

9        A.    That would be Sergeant John Martin.

10       Q.    I want to make Exhibit 2 this June 15,

11   2006 bate stamped memo that is actually dated June

12   9, 2006.

13                    (Whereupon, Exhibit Sgt. Kane 2 was

14   marked for identification.)

15   BY MR. LANDON:

16       Q.    Before we get to that, your use of force

17   report.  Once your supervisor, and in this case

18   that would have been Lieutenant Harris, reviewed

19   the report and signed off on it what would he do

20   with it?

21       A.    Send it on to the patrol captain.

22       Q.    Who would that have been at the time in

23   July of 2005?

24       A.    Captain Marlin Dietz.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALICE WALKER and | : | |
| GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT, | : | JURY TRIAL DEMANDED |
| OFFICER SHAWN GORDON, | : | |
| OFFICER MICHAEL BALLARD, and | : | |
| OFFICER KAREN BUHRMAN, | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 21st day of June, 2007, I filed the

Defendants' Application for a Protective Order with the Clerk of Court using CM/ECF which will

send notification of such filing(s) that this document is available for viewing and downloading from

CM/ECF to the following:

> Roger D. Landon, Esquire
> Murphy, Spadaro & Landon
> 1011 Centre Road, Suite 210
> Wilmington, DE 19805

> /s/ Alex J. Mili, Jr.
> Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
> Assistant City Solicitor
> City of Wilmington Law Department
> Louis L. Redding City/County Building
> 800 N. French Street, 9th Floor
> Wilmington, DE 19801
> (302) 576-2175
> Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALICE WALKER and | : | |
| GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT, | : | JURY TRIAL DEMANDED |
| OFFICER SHAWN GORDON, | : | |
| OFFICER MICHAEL BALLARD, and | : | |
| OFFICER KAREN BUHRMAN,_____ | : | |
| | : | |
| Defendants. | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 21st day of June, 2007, I filed the

Defendants' Application for a Protective Order with the Clerk of Court using CM/ECF which will

send notification of such filing(s) that this document is available for viewing and downloading from

CM/ECF to the following:

> Roger D. Landon, Esquire
> Murphy, Spadaro & Landon
> 1011 Centre Road, Suite 210
> Wilmington, DE 19805

> <u> /s/ Alex J. Mili, Jr.                </u>
> Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
> Assistant City Solicitor
> City of Wilmington Law Department
> Louis L. Redding City/County Building
> 800 N. French Street, 9th Floor
> Wilmington, DE 19801
> (302) 576-2175
> Attorney for Defendants