IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Alice Walker and<br>Gerald H.E. Walker,<br><br>    Plaintiffs,<br><br>    v.<br><br>City of Wilmington, City of<br>Wilmington Police Department,<br>Officer Shawn Gordon, Officer<br>Michael Ballard, Officer<br>Karen Buhrman,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:    Civil Action No. 06-366-JJF<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM ORDER**

Pending before the Court is Defendants' Motion To Compel Response To Subpoena (D.I. 27). For the reasons discussed, the Motion will be granted.

I. **Background**

Plaintiff Gerald H.E. Walker was diagnosed with paranoid schizophrenia in the early 1990s and has received outpatient psychiatric treatment from Connections Community Support Programs, Inc. ("Connections") and the Delaware Psychiatric Hospital. In July 2005, Plaintiff's mental health deteriorated and Plaintiff Alice Walker, his wife, brought him to Connections for treatment on July 11, 2005. Connections determined that Plaintiff needed inpatient care, and decided to transfer him to the Delaware Psychiatric Hospital. Pursuant to Connections protocol, staff contacted Defendant City of Wilmington Police Department to help with the transfer.

Plaintiff alleges that he was non-violent at the time of the transfer and peacefully told the defendant officers that he did not want to go to the hospital. He further alleges that the officers proceeded to beat him without provocation, and that he sustained physical and emotional injury as a result of that encounter. On January 23, 2007, as part of its discovery in the present case, Defendants served non-party Connections with a subpoena requesting Plaintiff's patient records (D.I. 27-3). On February 20, 2007, Connections refused to comply with the subpoena. Therefore, Defendants filed the present Motion to Compel Connections' compliance with the subpoena. Neither Plaintiffs nor Connections have responded to this Motion.

## II. Parties' Contentions

In its letter refusing to turn over Plaintiff's records, Connections contended that 42 U.S.C. Section 290dd-2 and 42 C.F.R., Part 2 prohibit the release of patient information without the consent of the patient or a court order. By their Motion, Defendants contend that the regulations cited by Connections apply only to patients of substance abuse programs, not to mental health patients.

## III. Discussion

Pursuant to 42 U.S.C. Section 920dd-2 and 42 C.F.R., Part 2, disclosing information regarding the identity, diagnosis or treatment of any patient in connection with any substance abuse

2

program assisted by the federal government is prohibited. For a facility to be considered a substance abuse "program" under the statutes, and for the statutes to apply, it has to either "hold itself out to the community as being a substance abuse facility" or its personnel's primary function has to be substance abuse treatment. Center for Legal Advocacy v. Earnest, 320 F.3d 1107, 1111 (10th Cir. 2003). Congress' purpose in enacting the statutes was to encourage people to seek drug abuse treatment by keeping this treatment information confidential. Ellison v. Cocke County, 63 F.3d 467, 470 (6th Cir. 1995); Doe v. Broderick, 225 F.3d 440, 449 (4th Cir. 2000).

    The Court concludes that the statutes do not support Connections' refusal to comply with Defendants' subpoena in this case. The Court further concludes that a person such as Plaintiff, suffering from schizophrenia and with no evidence of substance abuse problems, is not within the class of persons that Congress intended to protect. Moreover, a facility that treats a mentally ill patient, and also maintains a substance abuse program, cannot invoke these statutes as to the mentally ill patient unless that patient is also being directly treated in the substance abuse program. Hurt v. Indiana, 694 N.E.2d 1212, 1216 (Ind. Ct. App. 1998) (finding that a person with schizophrenia and a substance abuse problem who was only treated for the mental illness cannot invoke these statutes).

There is no evidence that Plaintiff had a substance abuse problem, or that he was treated by Connections for anything other than his schizophrenia. Furthermore, there is no evidence that Connections, described only as an "out-patient mental health facility" in the Complaint (D.I. 1), held itself out as a substance abuse treatment facility. Therefore, the Court finds that Connections does not meet the requirements for a "program" covered by the statutes, even if the facility had a substance abuse department within it. Because Connections does not meet the requirements of a "program" under the statutes and because Plaintiff was not receiving substance abuse treatment, but rather, only treatment for schizophrenia, neither 42 U.S.C. Section 920dd-2 nor 42 C.F.R., Part 2 prohibit Defendants from obtaining the requested medical information from Connections.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 25 day of June, 2007, that Defendants' Motion To Compel Response To Subpoena (D.I. 27) is **GRANTED**. Connections is hereby ordered to provide documents in accordance with Defendants' January 23, 2007 subpoena (D.I. 27-3).

_____
UNITED STATES DISTRICT JUDGE