```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

ALICE WALKER and                :
GERALD H.E. WALKER,             :
                                :
          Plaintiffs,           :
                                :
     v.                         :   Civil Action No. 06-366-JJF
                                :
CITY OF WILMINGTON, CITY OF     :
WILMINGTON POLICE DEPARTMENT,   :
OFFICER SHAWN GORDON,           :
OFFICER MICHAEL BALLARD, and    :
OFFICER KAREN BURHMAN,          :
                                :
          Defendants.           :
```

## MEMORANDUM ORDER

Pending before the Court is Defendants' Application For A Protective Order (D.I. 38). For the reasons discussed, the Motion will be granted in part and denied in part.

### I. BACKGROUND

On June 1, 2006, Plaintiffs Alice and Gerald H.E. Walker filed their Complaint against Defendants City of Wilmington, City of Wilmington Police Department, and three Wilmington Police Officers.[1] Plaintiffs alleged that the Wilmington Police Officers used excessive force when restraining Mr. Walker for transport to the Delaware Psychiatric Hospital, and also that the City of Wilmington and the City of Wilmington Police Department

---

[1] Plaintiffs' original Complaint identified the officers as John and Jane Does. On June 20, 2006, Plaintiffs amended their complaint to name Officers Shawn Gordon, Michael Ballard and Karen Buhrman as defendants. (D.I. 5).

had in place various policies, practices or customs that were a proximate cause of Mr. Walker's injuries.

Certain of Plaintiff's Interrogatories asked Defendants to disclose any use of force investigations conducted by the City that led to findings of excessive force or additional investigations, or investigations conducted by Sergeant Thomas Kane in the past ten years. (D.I. 38, Ex. A). Plaintiffs also requested copies of "any and all documents pertaining to use of force of [sic] investigations and/or reports containing allegations of excessive force upon citizens by City of Wilmington police officers during the course and scope of their duties . . ." conducted within the past ten years. (D.I. 38, Ex. B). Defendants objected to these requests and filed the present application for a protective order seeking to prevent disclosure of the requested investigation records.

## II. PARTIES' CONTENTIONS

Defendants contend that 11 Del. C. §9200(d) protects the information sought by Plaintiffs, except as it may exist relevant to the defendant officers named in the instant action. In response, Plaintiffs contend disclosure is not prohibited by § 9200(d). Plaintiffs further contend that they should be permitted to review use of force investigation reports because Plaintiffs have asserted policy and practice claims against the City of Wilmington and the Wilmington Police Department.

## III. DISCUSSION

When considering a request for law enforcement files, "a federal court must balance the plaintiff's interest in disclosure against the state's legitimate concern of protecting the confidentiality of the officers' personnel files from unnecessary intrusions." Jones v. City of Wilmington, 299 F. Supp. 2d 380, 394 (2004)(quoting Mercado v. Division of New York State Police, 989 F. Supp. 521, 522 (S.D.N.Y. 1998). In opposing disclosure of the requested files, Defendants rely on 11 Del. C. § 9200(d)(2), which provides:

> Unless otherwise required by this chapter, no law-enforcement agency shall be required to disclose in any civil proceeding, other than those brought by a citizen against a law-enforcement officer alleging that the officer breached the officer's official duties and that such breach resulted in injury or other damage to the citizen, any: (1) Personnel file; or (2) Internal affairs investigatory file compiled in connection with a law-enforcement officer under investigation or subjected to questioning for any reason which could lead to disciplinary action, demotion or dismissal.

Defendants' argument also relies on Bailey v. City of Wilmington, 1997 U.S. Dist. LEXIS 13355 (D. Del. Aug. 14, 1997). Bailey involved a request by a former Wilmington Police Department officer who sought all complaints filed against the officer who presided over his dismissal hearing. Bailey contended that the information was relevant to prove that the presiding officer was not impartial at Bailey's hearing. Finding that the presiding officer was not a named defendant, the court held that, pursuant

3

to § 9200, the City was not required to disclose any complaints filed against that officer. The Court finds <u>Bailey</u> distinguishable from the present case because, unlike Plaintiffs, Bailey never alleged that a policy or custom existed within the police department that led to his dismissal.

While protecting personnel information and the results of investigations into conduct that could be subject to disciplinary action, demotion or dismissal is a legitimate governmental concern, the Court concludes that the disclosures and documents Plaintiffs seek are highly relevant and necessary to their claims against the City of Wilmington and the Wilmington Police Department. To establish a claim of municipal liability in a suit brought under § 1983, Plaintiffs must prove that "execution of a government's policy or custom . . . [inflicted] the injury that the government as an entity is responsible for." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978); <u>see</u> <u>also</u> <u>Merkle v. Upper Dublin Sch. Dist.</u>, 211 F.3d 782, 791 (3d. Cir. 2000)(applying <u>Munell</u> to police departments). The requested use of force investigation reports are highly relevant because they will either help settle the issue of whether municipal policies, practices or customs contributed to Mr. Walker's alleged injuries. Thus, the balance in this case favors production, with appropriate limitations.

4

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

    1. Defendant's Application For A Protective Order (D.I. 38) is **DENIED** to the extent that it seeks prohibiting disclosure of the requested internal affairs files and reports, and **GRANTED** to the extent that it generally seeks a protective order.

    2. Defendants shall produce any use of force investigation reports concerning the named Defendants.

    3. Defendants shall also produce all reports prepared between 2001 and 2006 where an allegation or complaint of excessive force was made against any officer, with the name of the complainant and officer redacted.

    4. Initially, production shall be made to litigation counsel only. However, the Court will entertain motions from Plaintiffs for further production.

July 17, 2007
DATE

UNITED STATES DISTRICT JUDGE