IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICE WALKER, individually and as guardian, of her husband, GERALD H.E. WALKER, an incompetent person, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 06-366 JJF |
| CITY OF WILMINGTON; CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER SHAWN GORDON, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT; OFFICER MICHAEL BALLARD, individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT, OFFICER KAREN BUHRMAN individually and as agent of the CITY OF WILMINGTON POLICE DEPARTMENT, | JURY TRIAL DEMANDED |
| Defendants. | |

## JOINT PROPOSED FINAL PRETRIAL ORDER

On Friday, October 12, 2007 at 1:00 p.m., counsel for plaintiff Alice Walker and counsel for defendants the City of Wilmington, City of Wilmington Police Department, (collectively ("The City"), defendant Officer Shawn Gordon  and defendant Officer Michael Ballard will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.4 of this Court.

**Plaintiff's Counsel**:

Roger D. Landon, Esq.
Philip T. Edwards, Esq.
Murphy & Landon
1011 Centre Road, Suite 210

Wilmington, DE 19805

**Defendant's Counsel**:

Alex J. Mili, Jr.
City of Wilmington Law Department
City/County Building, 9th Floor
800 North French Street
Wilmington, DE 19801-3537

**I.      NATURE OF THE ACTION:**

Plaintiff's causes of action pursuant to 42 U.S.C § 1983 and the Fourth and Fourteenth

Amendments to the United States Constitution against defendants Officer Shawn Gordon and

Officer Michael Ballard stem from an incident that occurred on July 11, 2005 wherein Gerald H.

E. Walker <u>allegedly</u> suffered a [~~derivation~~] <u>deprivation</u> of his constitutional rights by being

subjected to objectively unreasonable and excessive force by Officer Shawn Gordon and Office

Michael Ballard while acting under color of law.  Plaintiff's causes of action against The City

pursuant to 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments to the United States

Constitution stem from the The City's <u>alleged</u> custom of not adequately investigating allegations

of excessive force against its police officers, and The City's <u>alleged</u> policy and/or custom of not

training its police officers to interact and or deal with mentally ill citizens during the course and

scope of their job duties, otherwise known as <u>Monell</u> liability.

**II.     JURISDICTION:**

This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth

Amendments to the United States Constitution.  This Court has jurisdiction over this action

pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1367.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that all Defendants are residents of this district and all acts or omissions which give rise to this cause of action occurred in this District.

## III.    STATEMENT OF UNCONTROVERTED FACTS

1.  Plaintiff Alice Walker is a resident and citizen of the State of Delaware.

2.  Gerald H.E. Walker is resident and citizen of the State of Delaware.

3.  Gerald H.E. Walker has been declared legally incompetent by the State of Delaware.

4.  Gerald H.E. Walker is subject to an involuntary commitment order by the State of Delaware.

5.  Gerald H.E. Walker suffered from paranoid schizophrenia as of July 11, 2005.

6.   On July 11, 2005, Officer Shawn Gordon and Officer Michael Ballard were acting within the course and scope of their duties as Wilmington Police Officers and under color of law when they took Mr. Walker into police custody and transferred him from Connections to the Delaware Psychiatric Hospital.

7.  Gerald H.E. Walker suffered a subdural hematoma requiring a craniotomy as result of the force exerted on him by Officer Shawn Gordon and Officer Michael Ballard while being taken into police custody on July 11, 2005.  <u>Defendants controvert this assertion of fact, which is a question for the jury to decide.</u>

8.  Sgt. Thomas Kane's use of force investigation report pertaining to the July 11, 2005 incident at Connection involving Mr. Walker and Officer Shawn Gordon and Officer Michael Ballard cannot be located and has not been produced to plaintiff in this matter.

9.  Sgt. Thomas Kane's use of force investigation reports pertaining to allegations of excessive force on citizens by Officer Shawn Gordon and Officer Michael Ballard, prior to July 11, 2005, cannot be located and have not been produced to plaintiff in this matter.

## IV.    ISSUES OF LAW

1.    Defendants' Motion for Partial Summary Judgment.

2.    Plaintiff's Motion in Limine to Exclude testimony at trial concerning the paranoid delusion Mr. Walker suffered from involving his granddaughter prior to being brought to Connections on July 11, 2005.

3.    Plaintiff's Motion in Limine for a spoliation instruction from the Court regarding Sgt. Kane's missing use of force investigation reports pertaining to Officer Shawn Gordon and Officer Michael Ballard.

4.    Defendants' Motion in Limine to exclude any testimony about striking Plaintiff with handcuffs.

**V.    STATEMENTS OF THE ISSUES OF FACT THAT THE PARTIES CONTEND REMAIN TO BE LITIGATED:**

**A.    Plaintiff's issues of fact:**

1.  Whether Officer Shawn Gordon and Officer Michael Ballard violated 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution by exerting objectively unreasonable and excessive force on Gerald H.E. Walker on July 11, 2005.

2.  Whether The City's custom of not adequately investigating allegations of excessive force against its police officers amounted to deliberate indifference, and whether The City's deliberate indifference in this regard was a cause of Mr. Walker's injuries.

3.  Whether The City's policy and/or custom of not training its police officers to interact and/or deal with mentally ill citizens amounted to deliberate indifference, and whether The City's deliberate indifference in this regard was a cause of Mr. Walker's injuries.

**B.    Defendants' issues of fact:**

1.    Whether Plaintiff Gerald E. Walker physically attacked Officer Michael Ballard on July 11, 2005.

2.    Whether Plaintiff Gerald E. Walker has fully recovered from any alleged injuries sustained on July 11, 2005.

3.    Whether Plaintiff Gerald E. Walker sustained any permanent injuries.

VI.    **EXHIBITS:**

    A.    <u>**Plaintiff's Exhibits**</u>**:**

        1.    Gerald H.E. Walker's Medical Records.

            A.    Christiana Hospital Emergency Department Records.

            B.    Dr. Michael Sugarman's Medical Records.

            C.    Dr. Kennedy Yalamanchilli's Medical Records.

            D.    Gerald H.E. Walker's Imaging Studies.

            E.    Dr. Frederick Villars' Medical Records.

        2.    Officer Shawn Gordon's Deposition.

        3.    Officer Michael Ballard's Deposition.

        4.    Sgt. Thomas Kane's Deposition.

        5.    Gabe Hufford's Statement Under Oath.

        6.    D.P. Van Blaricom's CV.

        7.    John Townsend, M.D.'s CV.

        8.    Plaintiff incorporates all other parties' exhibits to which plaintiff does not object, or to which plaintiff's objections are overruled.

    B.    <u>**Defendants' objections to Plaintiff's Exhibits**</u>**:**

        <u>5.</u>    <u>Defendants object to Gabe Hufford's Statement Under Oath as hearsay in violation of Fed.R.Evid. 802.</u>

    C.    <u>**Defendants' Exhibits**</u>**:**

        1.    <u>Gerald H.E. Walker's Medical Records from Delaware Psychiatric Center.</u> **Plaintiff objects, Rules 402, 403.**

        2.    <u>Alice Walker's Deposition Transcript.</u>  **Plaintiff reserves all objections.**

3.    Defendants' Formal Written Directive Against Excessive Use of Force by
      <u>Law Enforcement Officers.</u>  **Plaintiff reserves all objections pending**
      **review of the documents.**

4.    <u>Defendants' Formal Written Directive on Law Enforcement Officers</u>
      <u>Dealing with the Mentally Ill</u>  **Plaintiff reserves all objections pending**
      **review of the document.**

5.    <u>Defendants reserve the right to rely on any exhibits identified by Plaintiffs,</u>
      <u>unless Defendants tender an objection or the Court admits said exhibits</u>
      <u>over Defendants' objection.</u>

VII.    **WITNESSES:**

A.    **Plaintiff's Witnesses:**

**Experts**

1.    John Townsend, M.D.

2.    D.P. Van Blaricom.

**Fact Witnesses**

5.    Joanne Magowan.

6.    Gabe Hufford.

7.    Officer Shawn Gordon.

8.    Officer Michael Ballard.

9.    Officer Karen Burhman.

10.   Sgt. Thomas Kane.

11.   Alice Walker.

12.   Plaintiff reserves the right to call any witness identified by the opposing

parties.

B.   **Defendants' Witnesses:**

**Fact Witnesses**

1.   Officer Shawn Gordon

2.   Officer Michael Ballard

3.   Officer Karen Burhman

4.   Sgt. Thomas Kane

5.   Plaintiff reserves the right to call witness identified by opposing party.

## VIII.   BRIEF STATEMENT OF WHAT PLAINTIFF EXPECTS TO PROVE IN SUPPORT OF HER CLAIM, INCLUDING DETAILS OF DAMAGES SOUGHT AS OF THIS DATE:

Plaintiff shall prove that defendants Officer Shawn Gordon and Officer Michael Ballard exerted objectively unreasonable force on Gerald H.E. Walker, while acting under color of law, in violation of 42 U.S.C § 1983 and deprived Mr. Walker of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff shall prove The City had a custom of not adequately investigating allegations of excessive force against its police officers, which amounted to deliberate indifference and was a cause of Mr. Walker's injuries. Plaintiff shall prove The City had a policy and/or custom of not training its police officers to interact and/or deal with mentally ill citizens (while The City was aware that its officers must routinely interact and/or deal with mentally ill citizens) during the course and scope of their job duties as Wilmington police officers, which amounted to deliberate indifference and was a cause

of Mr. Walker's injuries. As a direct and proximate result of the aforementioned acts and/or omissions of the defendants, plaintiff was injured. The damages for which plaintiff seeks compensation from defendants, both jointly and severally, include, but are not limited to, the following:

a. The physical, mental and emotional pain of Gerald H.E. Walker, both past and future;

b. The deprivation of Gerald H.E. Walker's constitutional rights.

d. Pre- and post judgment interest;

e. Statutory and discretionary costs;

f. Punitive Damages

g. Attorney's fees;

## A.    Defendants' Defense

Defendants intend to prove that Officers Gordon's and Ballard's use of force, if any, was reasonable in light of Plaintiff Gerald Walker's physical attack of Officer Ballard and active resistance to the police officers' attempts to detain him pursuant to a lawful comittment order in response to an emergency call from Connections staff requesting police assistance.

Defendant City of Wilmington intends to prove that it has adopted and enforced formal official polices against excessive use of force by law enforcement officers.

Defendant City of Wilmington intends to prove that it has adopted formal official polices requiring humane treatment of mentally ill patients by law enforcement officers.

Gerald H.E. Walker will not incur any future physical, mental and emotional pain as a result of any contact with Defendants.

**X.    STATEMENTS OF COUNTERCLAIMS OR CROSS-CLAIMANTS:**

None.

**XI.    AMENDMENTS TO PLEADINGS**

    **A.    <u>Plaintiff</u>:**

None.

    **B.    <u>Defendants</u>:**

None.

**XII.    CERTIFICATION OF GOOD FAITH SETTLEMENT NEGOTIATIONS:**

Mediation was held on September 10, 2007 before Judge Vincent Bifferato but did not result in a resolution of any issues. <u>Defendants anticipate tendering a Rule 68 Offer of Judgment, and Defendants remain willing to resume mediation.</u>

**XIII.    OTHER MATTERS DEEMED APPROPRIATE BY THE PARTIES:**

    **A.    <u>Plaintiff</u>:**

None.

    **B.    <u>Defendants</u>:**

None.

**XIV.    Trial of this case is expected to take 5 days.**

**XV.    Trial by jury.**

**XVI.    The parties recommend that 8 jurors be selected at the commencement of trial.**

**THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.**

MURPHY & LANDON

BY: /s/ Roger D. Landon
ROGER D. LANDON (I.D. #2460)
PHILIP T. EWDWARDS (I.D. # 4393)
1011 Centre Road, #210
Wilmington, DE 19805
*Counsel for Plaintiff*

CITY OF WILMINGTON LAW DEPARTMENT

BY: /s/ Alex J. Mili, Jr.
Alex J. Mili, Jr. (I.D. 4125)
City of Wilmington Law Department
City/County Building, 9th Floor
800 North French Street
Wilmington, DE 19801-3537
Counsel for Defendants

SO ORDERED on _____, 2007.

_____
THE HON. JOSEPH J. FARNAN, JR.