IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and | : | |
| GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT, | : | JURY TRIAL DEMANDED |
| OFFICER SHAWN GORDON, | : | |
| OFFICER MICHAEL BALLARD | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY BRIEF
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Alex J. Mili, Jr., Esquire (I.D. #4125)<br>
Senior Assistant City Solicitor<br>
Louis L. Redding City/County Building<br>
800 N. French Street, 9th Floor<br>
Wilmington, DE 19801<br>
(302) 576-2175<br>
Attorney for Defendants

DATE: October 11, 2007

**TABLE OF CONTENTS**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

SUMMARY OF ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

COUNTER-STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    PLAINTIFF CANNOT IMPUTE *MONELL* LIABILITY TO THE CITY BASED ON ONE POLICE SERGEANT'S ALLEGEDLY INCOMPLETE INVESTIGATION OF A SINGLE INCIDENT OF USE OF FORCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    SERGEANT KANE'S DEPOSITION ESTABLISHES THAT THE CITY OF WILMINGTON TRAINS ITS POLICE OFFICERS WITH REGARD TO MENTALLY ILL PATIENTS, AND THEREFORE, PLAINTIFF CANNOT MEET THE *MONELL* BURDEN OF PROOF MERELY BY SUGGESTING THAT THE TRAINING COULD HAVE BEEN MORE EXTENSIVE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF CITATIONS

### Cases

*Canton v. Harris*, 489 U.S. 378 (1989) .................................................. 4

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) ............................ passim

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) ........................................ 3, 4

*Simmons v. City of Phila.*, 947 F.2d 1042 (3d Cir. 1991) ................................ 5, 6

*Smith v. City of Wilmington*, 2007 U.S.Dist. LEXIS 20314 (D.Del. Mar. 22, 2007) ............. 5, 6

### Constitutional Provisions

U.S. Const., Amend. IV .................................................................. passim

### Federal Statutes

42 U.S.C. § 1983 ....................................................................... passim

## SUMMARY OF ARGUMENTS

      1.      Plaintiff's allegation of one sergeant's incomplete investigation of a single use of force, even if proven, is not enough to establish *Monell* liability against the entire City.

      2.      Sergeant Kane's deposition establishes that the City of Wilmington trains its police officers with regard to mentally ill patients, and therefore, Plaintiff cannot meet its *Monell* burden of proof merely by suggesting that the training could have been more extensive.

**COUNTER-STATEMENT OF FACTS**

Plaintiff's Answering Brief materially misstates (and understates) the scope of Sgt. Kane's investigation of the alleged use of force in two specific instances. First, Plaintiff incorrectly states that Sgt. Kane did not interview the two eyewitnesses to the incident. (PAB 6) Sgt. Kane testified under oath that he went to Connections on July 11, 2005, and specifically interviewed Gabe Hufford, the Connections employee who witnessed Plaintiff's encounter with the police:

> Q: Did you ask [Hufford] any questions about whether or not the officers used any force in trying to get Mr. Walker to go with them?
> A: To the best of my recollection I asked what had happened as far as what he had seen.
> Q: Did he seem reluctant to talk to you about what he had seen?
> A: No.
> Q: Your notes indicate that Mr. Hufford told you that Walker refused to cooperate, and then he put his hands underneath.
> A: Yes.
> Q: Do you recall what Mr. Hufford was trying to tell you there?
> A: Just that the officers were trying to handcuff Mr. Walker and he put his hands underneath his body when he was down on the ground so they could not get his hands to handcuff them.

(Kane A441-442)

Despite this sworn testimony, Plaintiff's Answering Brief falsely represents to the Court that "Sgt. Kane did not even interview the two eyewitnesses to the beating." (PAB 6) Admittedly, Sgt. Kane did not interview the other eyewitness, Joann McGowan. However, Hufford did not disclose McGowan's identity, nor did McGowan ever contact the police with any further information about this incident.

Second, Plaintiff deceptively emphasizes Sgt. Kane's missing report, but fails to disclose that Sgt. Kane recited the contents of that report from memory in his deposition. (Kane A449-451) Plaintiff implies that Defendants are somehow concealing Sgt. Kane's report. (PAB 6) However, while Defendants cannot locate the physical report itself, Defendants have not concealed the contents of that missing report. (Kane A450-451)

The two above-cited misstatements are used to support Plaintiff's theory of *Monell* liability regarding the City's internal policy of investigating use of force by law enforcement officers.

**ARGUMENT**

I. **PLAINTIFF CANNOT IMPUTE *MONELL* LIABILITY TO THE CITY BASED ON ONE POLICE SERGEANT'S ALLEGEDLY INCOMPLETE INVESTIGATION OF A SINGLE INCIDENT OF USE OF FORCE**

Though Plaintiff suggests that Sgt. Kane's investigation of Gordon's and Ballard's use of force could have been more thorough, one sergeant's incomplete investigation is not enough to impute liability to the City. According to *Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978), "a municipality can only be liable under Section 1983 when the execution of a municipality's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id.* at 694-95. *See also Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)("[W]here the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the policy and the constitutional deprivation."). In this case, Plaintiff's *Monell* theory is based on one incident in which Sgt. Kane investigated a use of force, but misplaced his investigative report. (PAB 12)

Though Sgt. Kane misplaced the actual report of his investigation, his sworn testimony confirms that he did conduct an investigation, including interviews of three police officers, Plaintiff, and an eyewitness from Connections. Plaintiff contends that Sgt. Kane's inability to produce his report creates a material fact as to whether this report would have contained evidence favorable to Plaintiffs. (PAB 13) On the contrary, Sgt. Kane testified at length as to the contents of that missing report. (Kane A450-451)

Sgt. Kane's deposition re-traced his entire investigation. (Kane A448-456) Not only did Sgt. Kane interview the individual officers, but he also interviewed Plaintiff about the incident. (Kane A439-440) Sgt. Kane even went back to Connections to interview eyewitnesses. (Kane A441-446) Gabe Hufford was the only eyewitness from Connections who came forward. (Kane A440) Hufford simply told Sgt. Kane that Walker did not want to go to the hospital, and so the police forcibly took him to the hospital. (Kane A443-444) Sgt. Kane could have just as easily re-written his report and back dated it after the filing of this lawsuit.

Instead, Sgt. Kane admitted that he misplaced the report, and he testified from memory as to the contents of that report. (Kane A450-451)

Another eyewitness, Joann McGowan, eventually gave a statement, but she did not come forward during Sgt. Kane's investigation. Thus, Sgt. Kane's investigation cannot be deemed incomplete simply because he did not interview an eyewitness (McGowan) who was never disclosed by Hufford and who never came forward during the investigation.

While Plaintiff emphasizes the missing report prepared by Sgt. Kane, the discovery record in this case consists of over nine-thousand pages of investigate reports on use of force. The sheer volume of these reports rules out any alleged custom of inadequately investigating police officers' use of force. Even if Plaintiff takes issue with this one investigation conducted by this one particular sergeant, it simply is not enough to establish a custom of inadequate investigation and impute liability to the City. The U.S. Supreme Court in *Tuttle*, 471 U.S. at 823, when applying *Monell*, confirmed that a single incident is not enough to impute Section 1983 liability to a municipal entity. *See also Canton v. Harris*, 489 U.S. 378, 391 (1989)("Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under § 1983."). In light of *Tuttle* and *Canton*, Plaintiff cannot establish *Monell* liability from one sergeant's alleged incomplete investigation of a single use of force (particularly when the discovery record consists of more than nine-thousand pages of investigative files on use of force).

II.  **SERGEANT KANE'S DEPOSITION ESTABLISHES THAT THE CITY OF WILMINGTON TRAINS ITS POLICE OFFICERS WITH REGARD TO MENTALLY ILL PATIENTS, AND THEREFORE, PLAINTIFF CANNOT MEET THE *MONELL* BURDEN OF PROOF MERELY BY SUGGESTING THAT THE TRAINING COULD HAVE BEEN MORE EXTENSIVE.**

Plaintiff's Answering Brief fails to cite any legal authority that requires law enforcement officers to have special expertise and training in the field of mental illness. Plaintiff's Answering Brief does cite the portion of Sgt. Kane's deposition that describes how a psychologist gives presentations on mentally ill patients to the police department. (PAB 16). Thus, Plaintiff does not claim the City has failed to train its police officers on how to deal with mentally ill patients. Rather, Plaintiff only claims that (1) Officers Gordon and Ballard did not follow their training, (2) the training was ineffective, and (3) better training would have avoided the injuries that Plaintiff alleges. All three of these theories of *Monell* liability were expressly rejected by the Third Circuit in *Simmons v. City of Phila.*, 947 F.2d 1042 (3d Cir. 1991):

> [A] municipality's deliberately indifferent failure to train is *not* established by (1) presenting evidence of the shortcomings of an individual; (2) proving that an otherwise sound training program occasionally was negligently administered; or (3) showing, without more, that better training would have enabled an officer to avoid the injury-causing conduct.
>
> *Id.* at 1060 (emphasis in original).

*See also Smith v. City of Wilmington*, 2007 U.S. Dist. LEXIS 20314, *40-42 (D.Del. Mar. 22, 2007)(dismissing a *Monell* claim in which the plaintiff merely relied on the allegations from the pleading that the City should have instituted more training for its police officers).

Though Plaintiff faults the training of Wilmington police officers with regard to mental patients, it is the mental health professionals at Connections who are trained to deal with mental illness. They are the experts with specialized training in dealing with mentally ill patients such as Plaintiff. On July 11, 2005, Plaintiff's behavior prompted these mental health professionals to call for police assistance. McGowan admitted that the Connections staff was able to transport Plaintiff on many previous occasions without incident. (McGowan A75-76) However, Plaintiff's behavior on July 11 was different, in that it required

intervention by law enforcement. Officers Gordon and Ballard came to the aid of the mental health professionals at Connections when they could no longer keep Plaintiff under control, despite their expertise and training in dealing with mentally ill patients.

Plaintiff suggests that, rather than using physical force, Officers Gordon and Ballard should have continued talking to Plaintiff, as a means of convincing him to be transported to the Delaware Psychiatric Center ("DPC"). (PAB11) This suggestion ignores the fact that the mental health professionals at Connections were unable to talk Plaintiff into being transported to the DPC. It also ignores the fact that Officer Buhrman spent an additional fifteen to twenty minutes talking to Plaintiff before calling Officers Gordon and Ballard for back-up assistance. (McGowan A75) If the mental health professionals at Connections cannot talk Plaintiff into being transported to the DPC, then no amount of training could enable Officers Gordon and Ballard to effectuate this transport without some force. If Officer Buhrman talked to Plaintiff for an additional twenty minutes and he still refused to be transported, there comes a point when the police have no choice but to physically remove Plaintiff. McGowan admitted that the very reason the police were called was because the Connections staff cannot physically force a patient to be transported when the patient refuses. (McGowan A70) Thus, Officers Gordon and Ballard did exactly what the Connections staff called upon them to do – transport an unwilling mental patient who was involuntarily committed by a trained psychiatrist.

Though the police officers came to the rescue of the mental health professionals at Connections, Plaintiff suggests that the City failed to institute better training to its police officers in their interaction with mentally ill patients. That suggestion is not enough to meet Plaintiff's burden of proof under *Monell*. *See Simmons v. City of Phila*., 947 F.2d 1042, 1060 (3d Cir. 1991)("[a] mere showing that . . . better training would have enabled the officer to avoid the injury-causing conduct, is insufficient to establish a municipality's liability under § 1983 for failure to train."). In light of *Smith* and *Simmons*, Plaintiff cannot

establish *Monell* liability by suggesting that Wilmington police officers should have more training than what Sgt. Kane described in his deposition.

## CONCLUSION

The City is entitled to summary judgment on the *Monell* claim for the following two reasons. First, Plaintiff's allegation of one sergeant's incomplete investigation of a single incident of use of force is not enough to impute liability to the City itself. Second, Plaintiff's suggestion of better training in dealing with the mentally ill is not enough to meet the *Monell* burden of proof for a Section 1983 claim based on an alleged failure to train.

                                            CITY OF WILMINGTON LAW DEPARTMENT

                                            /s/ Alex J. Mili
                                        Alex J. Mili, Jr., Esquire (I.D. #4125)
                                        Senior Assistant City Solicitor
                                        Louis L. Redding City/County Building
                                        800 N. French Street, 9th Floor
                                        Wilmington, DE 19801
                                        (302) 576-2175
                                        Attorney for Defendants

Date: October 11, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALICE WALKER and | : | |
| GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT, | : | JURY TRIAL DEMANDED |
| OFFICER SHAWN GORDON, | : | |
| OFFICER MICHAEL BALLARD | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 11th day of October, 2007, I filed the Defendants' Reply Brief in Support of Their Motion for Summary Judgment with the Clerk of Court using CM/ECF which will send notification of such filing(s) that this document is available for viewing and downloading from CM/ECF to the following:

>Roger D. Landon, Esquire
>Murphy, Spadaro & Landon
>1011 Centre Road, Suite 210
>Wilmington, DE 19805

>/s/ Alex J. Mili, Jr.
>Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
>Assistant City Solicitor
>City of Wilmington Law Department
>Louis L. Redding City/County Building
>800 N. French Street, 9th Floor
>Wilmington, DE 19801
>(302) 576-2175
>Attorney for Defendants