IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and<br>GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF<br>WILMINGTON POLICE DEPARTMENT,<br>OFFICER SHAWN GORDON,<br>OFFICER MICHAEL BALLARD, and<br>OFFICER KAREN BUHRMAN, | :<br>:<br>:<br>:<br>: | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING GERALD H.E. WALKER'S PARANOID DELUSIONS INVOLVING HIS GRANDDAUGHTER**

Defendants move this Honorable Court to deny Plaintiff's Motion in Limine to exclude evidence of Gerald H.E. Walker's ("Walker") paranoid delusions that led the involuntary commitment for which Defendants were called to transport him.

1. This case arises from Defendant police officers' attempts to transport Walker from Connections CSP for his involuntary commitment to the Delaware Psychiatric Center. Although Plaintiff's allege that Defendants used excessive force in carrying out this involuntary commitment, Plaintiff's are asking this Court to conceal from the jury the reason why Walker was involuntarily committed – his paranoid delusions that told him to rape his granddaughter.

2. Contrary to Plaintiff's assertion, Defendants are not seeking to admit evidence of Walker's delusions as an attempt to portray him as a child molester. Defendants seek to admit this evidence as probative of (1) the need to use force when carrying out Walker's involuntary commitment and (2) the futility of verbally coaxing Walker out of Connections in lieu of physically

removing him.

3. The issue for the jury in this case is whether the force used by the Defendant police officers was objectively unreasonable, in light of the circumstances. "The degree of force is dictated by the suspect's behavior." *See Clark v. Condon*, 2002 U.S. Dist. LEXIS 17831, *7 (D.Del. Sept. 20, 2002). Thus, the evidence of Walker's behavior (and specifically his paranoid delusions) is relevant because it shows that Walker was a danger to his family when the police were called to transport him.

4. Evidence of Walker's delusions is also relevant to rebut the Plaintiff's expert's opinion that the Defendant police officers could have simply talked to Walker, instead of physically forcing him to be transported. The paranoid delusions rebut that opinion by confirming that Walker's state of mind was not susceptible to verbal communication as a method of transporting him to the DPC. (See Tab A, ¶10(c)(2))

5. Plaintiff's Rule 404(b) analysis does not relate to admissibility of Walker's delusions because the delusions are not being offered as character evidence. Rule 404(b) only provides that "evidence of other crimes, wrongs, or acts is not admissible to prove that character of a person in order to show action in conformity therewith." Defendants are not proffering Walker's delusions as evidence that he is a child molester. Defendants are proffering evidence of Walker's delusions because they are probative of whether Walker was a danger to his family and others when the police came to transport him against his will. This level of danger determines the means necessary to accomplish Walker's transport to Delaware Psychiatric Center. *See Clark*, 2002 U.S. Dist. LEXIS 17831, *7 (D.Del. Sept. 20, 2002) Defendants are also proffering evidence of Walker's delusions Because they are probative whether Walker's transport could be verbally commanding or coaxing him, without resorting to physical contact.

6.	Plaintiff contends that the prejudicial effect of admitting evidence of Walker's delusions will portray him to the jury as "a child molester who got what he deserved from Officer Gordon and Officer Ballard." (Plft's Mot. ¶ 10) This prejudicial effect (if any) is outweighed by the need to disclose to the jury the reason why Walker was involuntarily committed to a mental hospital. The reason for Mr. Walker's involuntary commitment (his inclination to rape his granddaughter) is probative of Defendants' need to use all reasonable means to assure that Mr. Walker's involuntary commitment is carried out.

WHEREFORE, Defendants respectfully requests that Plaintiff's Motion in Limine be denied and Defendants be permitted to present evidence of Walker's behavior and delusions which prompted his involuntary commitment and which require law enforcement officers to transport him against his will with physical force.

CITY OF WILMINGTON LAW DEPARTMENT

/s/ Alex J. Mili
Alex J. Mili, Jr., Esquire (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants

Date: October 25, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and | : | |
| GERALD H.E. WALKER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 06-366 JJF |
| | : | |
| CITY OF WILMINGTON, CITY OF | : | |
| WILMINGTON POLICE DEPARTMENT, | : | |
| OFFICER SHAWN GORDON, and | : | |
| OFFICER MICHAEL BALLARD, | :_____ | |
| | : | |
| Defendants. | : | |

## ORDER

This _____ day of _____, 2007, the Court having considered Plaintiff's Motion in Limine to Exclude Testimony Concerning Plaintiff's Paranoid Delusions Involving his Granddaughter, and Defendants' opposition thereto, it is HEREBY ORDERED that Plaintiff's Motion is hereby DENIED.

_____      _____
                                                                                   **J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICE WALKER and<br>GERALD H.E. WALKER, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 06-366 JJF |
| CITY OF WILMINGTON, CITY OF<br>WILMINGTON POLICE DEPARTMENT,<br>OFFICER SHAWN GORDON,<br>OFFICER MICHAEL BALLARD, | : : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

**CERTIFICATE OF SERVICE**

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 25th day of October, 2007, I filed the Defendants' Opposition to Plaintiffs' Motion in Limine to Exclude Testimony Concerning Gerald H.E. Walker's Paranoid Delusions Involving his Granddaughter with the Clerk of Court using CM/ECF which will send notification of such filing(s) that this document is available for viewing and downloading from CM/ECF to the following:

> Roger D. Landon, Esquire
> Murphy, Spadaro & Landon
> 1011 Centre Road, Suite 210
> Wilmington, DE 19805

> /s/ Alex J. Mili, Jr.
> Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
> Assistant City Solicitor
> City of Wilmington Law Department
> Louis L. Redding City/County Building
> 800 N. French Street, 9th Floor
> Wilmington, DE 19801
> (302) 576-2175
> Attorney for Defendants